GLADNEY, Judge.
Julius Hudson and his wife sue ex delicto for damages occasioned by the death of their four year old son, Gary, on May 10, 1951; when, while in the act of crossing Texas Avenue at Levy Street in Shreveport, he was struck by an automobile driven by Homer Byers. In the car with Homer Byers was A. D. Byers, the-owner of the car and both were made defendants herein. Service, however, was not made upon A. D. Byers who has passed out of this litigation.
The petition alleges that on said date the weather was clear and dry and that Homer Byers was driving a Chevrolet coupe at a rapid and illegal rate of speed on Texas Avenue in a northeasterly direction toward down-town Shreveport. He was approaching Levy Street which intersects Texas Avenue from the southeast but does not cross Texas Avenue. As he neared the intersection Gary Hudson was standing with his thirteen year old brother, Her-schell, and another child, Pat White, slightly older and larger than Gary, on or near the west curb of Texas Avenue in the proper pedestrian lane for persons crossing to the east side of Texas Avenue. Plaintiffs further allege the children thus standing there were clearly visible to the occupants of the Byers automobile who should have seen them and observed that they were attempting to cross Texas Avenue, but that defendants either failed to observe the children or failed to bring the vehicle under proper control and as a consequence thereof, the car struck the child, knocking or carrying its body some 36 feet before the car was brought to a stop. The child died about an hour later from injuries received in the accident. The damages claimed as *597 resulting from the death of the child aggregate $40,365.
Homer Byers, respondent herein, answered denying liability: v He averred he was proceeding at a speed below the legal limit toward down-town Shreveport, driving in the right lane of Texas Avenue when he approached the intersection of Levy Street with Texas Avenue; that when he reached this point the children including Gary made a dash for the opposite or easterly side of Texas Avenue in front of the automobile; that an older boy, Herschell Hudson, was holding Gary’s hand and stopped about the center of the street when the vehicle was almost even with them; and that Gary jerked away from his brother and ran in front of the car too quickly for the driver to execute any control over the vehicle except to turn slightly to the right before the child was struck.
The defendant is charged with negligence in driving at an excessive rate of speed, in failing to keep a proper lookout and observe the children, particularly Gary, in the act of crossing Texas Avenue; in failing to sound the horn or give audible warning of the presence of the automobile; in not having the car under such control it could be stopped or turned so as not to strike the 'child, and in failing to apply the brakes upon said car.
After trial upon the merits, judgment was rendered rejecting the demands of plaintiffs. The judge a quo has placed in the record his reasons for judgment. The opinion presents a thorough and clear analysis of his findings upon the legal and factual issues involved. In his decision he absolved the driver of the automobile from any act of negligence. After a careful review of the record, including a study of the very able briefs filed in this cause, we are impelled to agree with the findings of our brother on the trial bench.
Of the witnesses who testified, Homer Byers and Herschell Hudson were eyewitnesses and presented the most important testimony for consideration. Mrs. Roberta Wheeler who was standing on her porch on Levy Street, approximately one-half block away, testified that she observed the car strike Gary. Her testimony, however, is inconsistent- with that of Byers and young Hudson and is not too helpful. It is evident from the findings of the trial judge he was very much impressed with the .frank and clear testimony of Herschell Hudson and based his conclusions largely on his testimony. Homer Byers testified that he did not see the children until an instant before Gary ran in front of his car too quickly for him to act. These three were the only witnesses who testified they saw the accident.
Wayne Allen, a member of the police department, arrived at the scene of the accident just a few minutes after its occurrence.' His testimony is only important in that he placed the point of impact as being 12y2 feet from the southeast or east side and 23Yz feet from the northwest or west side of Texas Avenue and six feet from the pedestrian walk across to Levy Street.
Another witness, A. A. Lyons, from the engineering department of the City of Shreveport, testified that at the intersection Texas Avenue is paved 36 feet from curb to curb and Levy Street 28 feet from curb to curb. He also stated Levy Street comes to a dead end where it meets Texas Avenue and that at that point on the west side of Texas Avenue there was a small fruit stand.
At the time of the accident it was about 8:00 o’clock in the evening. Apparently it was dark although two witnesses testified it was about dusk or just about the beginning of nightfall. All of the lights were on and the lights of Byers’ automobile were turned on. The three children had been in the little fruit stand or store on the north or northwest side of Texas Avenue and were in the act of returning to their home on Levy Street, which necessitated their crossing Texas Avenue from the northwest side to the southeast side. The evidence preponderates that Byers was driving at a legal rate of speed from 25 to 30 miles per hour in his own proper lane on the right side of the center line of the street. The right side of his car was 6 or 7 feet from the right or south curb of Texas Avenue.
*598 Byers testified that he never saw Gary úntil just an instant before he ran in front of the left headlight on his car. The child was struck by the left side of the 'automobile. Herschell Hudson, a rather large boy nearly fourteen years of age, testified he was standing there on the curb holding his little brother by the hand when he observed the Byers car coming down Texas Avenue from the northwest, and recognizing that there was not time to get across the street, he made no attempt to do so, but stood there waiting for the automobile to go by. The Byers car was the only car coming as Her-schell stated he had already looked in the other direction and none was visible. Just as" the automobile neared the point opposite the child, Herschell says Gary jerked loose from him and ran across the street. _ Her-schell took out after him trying to catch him by the clothing or something to stop him from getting in the path of the vehicle. Mr. Byers in testifying could only recall that Herschell tried vainly to reach Gary and only stopped just a few feet from the front of the left headlight of the automobile, and that he, Byers, would have struck Herschell had he not, in attempting to avoid the accident, turned his car somewhat to the right. These appear to be the crucial facts.
Repeated decisions of this court have stated and restated the rule as to the liability or nonliability of the operator of a motor vehicle on the streets and highways where children are involved. It is only natural the law should provide for youthful indiscretion. Especially is this so in cases involving children of tender years. The jurisprudence uniformly holds that a child of four years, the age of Gary Hudson, cannot be guilty of contributory negligence. Authorities are too numerous to require citation. The liability of the motorist in the instant case, therefore, must be assessed unless he can demonstrate entire freedom of negligence of any character contributing to the accident. Children of more mature years who are capable of comprehending danger ■ are governed by a different rule which permits the defense of contributory negligence. The general rule is properly stated in Blashfield’s Cyclopedia of Automobile Law and Practice, Perm.Ed., VoL 2A, par. 1498:
“Drivers or owners of motor vehicles-are not insurers against all accidents-wherein children are injured. Accordingly, a driver proceeding along a street: or highway in a lawful manner using ordinary and reasonable caution for the safety of others, including children,, will not be held liable for striking a. child whose presence in the street could! not reasonably be foreseen. He is not' required to anticipate the appearance of children in his pathway, under ordinary circumstances, from behind', parked automobiles .or other obstructions.
“Thus, when a motor vehicle is proceeding upon a street at a lawful speed,, and is obeying all the requirements of the law of the road and all the regulations for the operation of such machine,, the driver is not generally liable for injuries received by a child who darts in front of the machine so suddenly that its driver cannot stop or otherwise avoid injuring him.”
Appellants argue Byers should have seen the children standing on the curb and should have expected that they would attempt to cross Texas Avenue. Accordingly, it is said he was under the duty to blow his horn and to bring his car under such control that it could be immediately stopped'. These are the only contentions urged as to negligence of the driver of the automobile. Further allegations of fault have not been' pressed in this court apparently for the reason that the evidence adduced upon trial1 of the case does not substantiate the charges. We are of the opinion that Byers cannot be charged with negligence in failing to see the children until Gary broke away from his brother, Herschell, and ran in front of his car, or that the law imposed! a duty upon the driver to sound a warnings The trial court has lucidly given the answer to these two charges of fault:
“Now if Mr. Byers had looked straight at ‘these children standing on *599 the street, that’s what he would have seen. He would have seen a fourteen year old boy standing at the curb holding his little brother by the hand, giving every indication they were waiting his passage in front of them down the street. There was nothing about that situation to suggest that the child was about to dart out into the street in front of him. There was everything to reassure the driver as he was going along the street that there was no danger in the situation and that the children, or at least the one child, the responsible child, saw the situation, comprehended it, and was waiting for this automobile to pass. What reasonable man would •not have considered that it was perfectly safe and perfectly all right to continue? At least, that’s the way this evidence impresses us.
“But what happened ? As Mr. Byers .-approached the intersection within just a few feet, Herschell tells us what happened. There was the little fellow with the older brother holding him by the hand. The little fellow jerked loose from him and ran across the street, impulsively and rashly; and Herschell took out after him and was trying to catch him by the clothing or something to stop him from getting in the path of the vehicle. Can there be any doubt that this is what happened in this case, when Herschell tells us that’s what happened, and Mr. Byers says all he can remember is the older boy was reaching for the child just the instant before he stopped in front of his left headlight?”
It is pointed out that a motor vehicle traveling 30 miles an hour travels 44 feet feet per second, to which must be added the footage traveled during the % of a second reaction time. Therefore, from the moment Gary broke away from the grip of his brother he was too close to the automobile for the driver to avoid striking the youngster. Gary Hudson was standing approximately 18 feet from the point of impact while his hand was being held by Her-schell. We find because he did not have time to act Byers was not negligent in failing to bring his car under proper control, sound his horn or in failing to take any other action than he did for the purpose of avoiding the accident.
Counsel for plaintiff has cited and relies strongly upon Doyle v. Nelson, La.App. 1942, 11 So.2d 645, a decision of this court by Judge Taliaferro, who awarded damages based upon the negligence of the driver of the vehicle. In the cited case this court found that the motorist observed a number of children playing in the street one block ahead and continued to drive at a rate of speed of from 30 to 40 miles per hour without retarding his vehicle, except to a very slight extent. After so doing, he noticed a little girl cross over and join her brother on the side of the street and after he had resumed his former speed the child broke loose from the boy and again started across the street. The motorist was found negligent in failing to reduce his speed at a critical point and maintain such efficient control as to make the accident impossible. The decision, therefore, turned upon the wrongful act of the motorist in increasing his rate of speed at a time when his own dangerous condition required that the speed should be reduced.
As tragic as was this child’s death, we are convinced the accident was due to the sudden, unforeseen act of this child and the defendant did not know, or did not have reason to anticipate the child was going to suddenly run in front of the automobile, and plaintiffs cannot recover under such circumstances. The law does not impose any duty on .the individual to guard against sudden, unforeseen, and not reasonably to be anticipated acts of another.
For the foregoing reasons we find no error in the judgment from which appealed, and accordingly, it is affirmed.