137 So.2d 478 (1962)
Lemuel G. SEALE, Jr.
v.
CHECKER CAB COMPANY, Inc.
No. 21572.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1962.
*479 M. C. Scharff and A. J. Marciante, New Orleans, for defendant and appellant.
Jacque B. Pucheu, Eunice, and Corwin B. Reed, New Orleans, for plaintiff and appellee.
Before McBRIDE, JOHNSON and HALL, JJ.
McBRIDE, Judge.
This appeal presents for consideration the claim by the father of a minor child for damages for personal injuries sustained by the minor as a result of having been struck by defendant's taxicab in City Park in New Orleans on the morning of July 14, 1956. Plaintiff recovered judgment for $391.86, from which defendant has appealed.
The only eyewitnesses were the driver of the cab and the child (aged 7½ years when injured and 9 years old at the time of trial). As would be expected, the 9-year-old child was somewhat confused. However, there is no material variance or conflict in the testimony as between the two witnesses and from their testimony we find the facts to be: The weather was clear and the roadway dry. The taxicab was being driven eastwardly in the middle of a paved roadway at 15-18 miles per hour in a 20-mile-per-hour speed zone. The road was dedicated to traffic traveling in the direction the taxicab was moving.
The child, from a point near the building called the "Casino," attempted to run across the road from between two parked vehicles in order to get to his father and young sister who were lying on a blanket on the other side. The cab driver did not see the little boy until he darted into the roadway, the cab then being 25 to 30 feet away from him. The cab was immediately swerved to the left and its brakes applied but without avail. The right front fender hit the child just as the cab was coming to a stop.
The father and sister of the boy also made their appearance as witnesses. The only useful testimony emanating from them was given by the father who stated that he observed skid marks which he believed had been made by all four tires of the cab, and these measured 20 feet in length.
At 18 miles per hour the cab was traveling 26.25 feet per second, and according to well-recognized speed charts which have on occasions been used by the courts in cases involving automobile accidents, the stopping distance of a vehicle traveling at 18 miles per hour would be 37.44 feet, including reaction time. Thus it appears to us that the taxicab could not have been stopped any sooner.
When an automotive vehicle is moving at a lawful speed and its driver is complying with the laws regulating speed and the rules of the road, the driver is ordinarily not liable for injuries incurred by a child who darts from behind a parked automobile and emerges in front of the vehicle so suddenly that the driver cannot stop in time or take other steps to avoid injuring him.
It is conceded by plaintiff-appellee that the taxicab was traveling within the lawful speed limit, but it is argued that nonetheless its driver was negligent because he did not exercise that degree of care expected of a reasonably prudent man to avoid injuring children who might be on or about the highway in that he did not have his automobile under proper control so that effective steps could have been taken to avoid inflicting injury. The accident happened on a Saturday morning in the summertime. *480 Plaintiff stated there were quite a few children in the park, and the boy testified there were children by the swings in the back of the park and a few were in front of the Casino. The taxicab driver said there were no children at all on the platform of the Casino.
Plaintiff says the taxicab driver was derelict in his duty to operate the automobile on the side of the road farthest from the parked vehicles so that if a child emerged from behind them, he would not have been in the path of the cab.
We are well aware of the jurisprudence to the effect that a motorist must increase his exertions to avoid danger to children whom he sees on the highway, and must have his automobile under control and turn as far away from the children as is practicable under the circumstances, and must operate the automobile so that children need not exercise the care expected of adults to avoid injury.
The three cases plaintiff cites us to are not analogous to the situation before the court. For instance, in Cimo v. Karstendiek, La.App., 173 So. 548, the motorist was traveling at a speed of 25 miles an hour at about 4 or 5 feet from the neutral ground. She saw a group of children a little over a half a block ahead of her standing on the neutral ground, but it appears that she took no steps to reduce her speed or to exercise precautions with respect to the children. When she was about 25 feet from the group a sweater was thrown into the roadway by one of the boys in the direction of her approaching automobile. The injured boy, about 11 years of age, made a wild dash after the sweater and the accident happened. The court held the motorist guilty of negligence for not having exerted extreme caution after she saw the children a half block away.
In Russo v. Aucoin, La.App., 7 So.2d 744, it was held that a motorist whose view ahead is obstructed by a curve in the road or other obstruction should drive at a speed which will permit him to stop before arriving at any vehicle, person, animal, or obstruction in the road.
In Moreau v. Southern Bell Telephone & Telegraph Co., Inc., La.App., 158 So. 412, a 7½ year old child heedlessly ran across a country road from behind an automobile, but, notwithstanding this, the motorist was held guilty of negligence. The evidence showed that while defendant's truck was practically stopped, its employee saw a crowd of at least 12 children playing on his left side of the road. He saw a number of them run across in front of the Laborde car to the right-hand side. He wrongfully assumed that all had passed and started up his car while his view of the highway was obstructed by the Laborde car. He did not know and could not see whether or not any children were still on the left side in back of the Laborde car and the boy was struck. The court held that defendant's employee should have remained stopped until the Laborde car had completely passed, giving him a clear view of the manifestly dangerous situation ahead.
We fail to find any negligence on the part of the taxicab driver in the instant case. He was driving at a slow rate of speed in the middle of the road and keeping a proper lookout. It has not been shown that there were any children near the roadway, and the driver did not and could not have seen or have known the injured child was behind the parked vehicles and would come out into the roadway from between them thus creating a sudden emergency. We think the driver did all he could to avoid the accident.
Therefore, the judgment is reversed, and plaintiff's suit is dismissed at his cost in both courts.
Reversed.