CULPEPPER, Judge.
This is a suit for damages for personal injuries and medical expenses sustained when a nine year old pedestrian ran into the left front fender of a vehicle operated by the defendant, Cecil E. Brown, Jr., on one of the main streets in the business district of DeRidder, Louisiana, at approximately 10:30 a. m. on Monday, January 16, 1961. From an adverse judgment the plaintiff has appealed.
Plaintiff’s demand is based primarily upon the alleged negligence of Brown in failing to keep a proper lookout. Alternatively, plaintiff alleges that Brown had the last clear chance to avoid the accident. Defendants deny any negligence on Brown’s part, deny the application of the doctrine of last clear chance, and alternatively plead contributory negligence by the minor and his mother.
The evidence shows that the locus of the accident was about the middle of the 100 block of First Street; that Brown’s vehicle was proceeding in a westerly direction in its own, or north, traffic lane, and that the minor was attempting to cross from the south side of the street. It was furthermore established by the evidence that vehicles were parked on both the north and south sides of the street and that three or four eastbound vehicles were also stopped in their traffic lane on the south side of the street for a light signal at the intersection of First and Washington Streets. Since First Street is only 37 feet in width, this left only a rather narrow space for Brown as he proceeded west.
There is no dispute as to the applicable law. In a well considered written opinion the trial judge resolved the factual issues in the following manner with which we fully agree:
“It is established by the evidence that on the morning of the accident, plaintiff, with her son and a daughter, had made a purchase at Irvine’s Drug Store in DeRidder, located on West First Street. After the purchase, plaintiff decided that she wanted to go to Manitzas’ Jewelry Store also located on West First Street opposite Royal Cafe. The mother crossed West First Street and had reached the jewelry store. Her minor son, Samuel T. Wilson, was left with his sister who wanted to go to the Sears & Roebuck store, located on the north side of West First Street. The son decided that he wanted to join his mother and got away from his sister and in attempting to cross West First Street to join his mother the accident occurred.
“The plaintiff produced no eye witnesses to the accident, as neither the plaintiff nor her daughter actually saw the accident, and the minor son did not testify, plaintiff’s counsel stating to the Court that the injured boy remembered nothing of the accident. On the other hand the defendant produced as eye witnesses the defendant driver, Cecil Brown, Jr., W. F. Weber, and Bobby Gene Spurlock, a truck driver. Weber has an office on the North side of West First Street almost directly across from the Royal Cafe, the locus of the accident. Weber and Spurlock were stand *565 ing on the sidewalk on the north side of West First Street in Front of Weber’s office.
“The evidence adduced at the trial convinces the Court that defendant Brown, the owner and driver of the vehicle involved in the accident, was not negligent in any respect and that the sole and proximate cause of the accident was the negligence of Samuel T. Wilson, plaintiff’s minor son, in attempting to cross the street in the middle of the block darting from behind parked cars and cars stopped in the south traffic lane awaiting a favorable traffic signal. Brown testified that he was proceeding in his own, or north, traffic lane on West First Street, having turned at the intersection to go west, that he was making about IS miles per hour, that cars were parked on both sides of the street, that cars were also in the south lane of traffic going east and that he was maintaining a proper lookout straight ahead. He also testified that he did not see young Wilson when he attempted his crossing, that he did not strike Wilson but on the contrary Wilson ran into his vehicle at some point on the left side of his left fender. He testified further that he stopped his car within some twenty feet after the impact. On the question •of speed, the investigating officer, Lanier, testified that he estimated Brown’s speed at 10 miles an hour, while Weber and Spurlock estimated the speed at 15 miles an hour. Plaintiff has clearly produced no evidence ■of excessive speed on the part of Brown, as alleged, and there is no evidence that under existing traffic conditions Brown was not maintaining a proper lookout. With cars parked on both sides of the street, leaving only a narrow lane for him to travel, Brown necessarily had to watch the road ahead. Further, there was no reason ■for him to expect that some pedestrian would attempt to cross the street in the middle of the block.
“The witnesses Weber and Spurlock, both disinterested, testified positively and unequivocally that young Wilson darted from behind both cars parked on the south side of the street and several cars stopped in the south traffic lane, headed east, awaiting a favorable traffic signal at the intersection, and that the child ran into the Brown vehicle.
“It is clear to this Court from the evidence that young Wilson ran into Brown’s car on the side of the left fender, that his movements were quick and without warning and that Brown had no opportunity to stop or avoid the accident. Brown was traveling at a lawful and reasonable rate of speed and he was maintaining a proper lookout. There was no reason for Brown to anticipate, or foresee, that Young Wilson would attempt to cross the street in the middle of the block.”
Plaintiff’s principal contention on appeal is that Brown should have been looking to his left as he proceeded on First Street and that he should have seen the boy run out into the street. Plaintiff argues that at his speed of from 10 to 15 miles per hour, Brown could have stopped in time to avoid the accident, if he had observed the boy running into the street. The trial judge answered this argument by stating: “With cars parked on both sides of the street, leaving only a narrow lane for him to travel, Brown necessarily had to watch the road ahead. Further, there was no reason for him to expect that some pedestrian would attempt to cross the street in the middle of the block.” The trial judge stated further: “It is clear to this court from the evidence that young Wilson ran into Brown’s car on the side of the left fender, that his movements were quick and without warning, and that Brown had no opportunity to stop or avoid the accident.”
*566 We cannot agree with plaintiff’s argument which, in effect, is that this motorist, in the middle of the block in the center of a business district, should not only-have maintained a forward lookout, but should have watched pedestrians on both sides of the street and anticipated that one of them might suddenly dart out from behind vehicles into the side of his own automobile. Clearly Brown breached no duty in failing to see the Wilson boy until just before he ran into the side of the car.
We find no negligence on Brown’s part nor do we find the doctrine of last clear chance applicable. It is unnecessary for us to discuss the defense of contributory negligence on the part of the boy and his mother.
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.