147 So.2d 226 (1962)
M. J. SCHUSTER et ux.
v.
AUDUBON INSURANCE COMPANY et al.
No. 837.
Court of Appeal of Louisiana, Fourth Circuit.
December 3, 1962.
Charles E. McHale, Jr., New Orleans, for plaintiffs-appellants.
Bienvenu & Culver, P. A. Bienvenu and Timothy J. McNamara, New Orleans, for defendants-appellees.
Before YARRUT, SAMUEL and HALL, JJ.
YARRUT, Judge.
This is an appeal from a judgment in favor of Defendants denying recovery to the parents of a 3-year old boy, who was killed by an automobile while attempting *227 to cross a main thoroughfare in New Orleans.
Plaintiffs-Appellants are the parents of the 3-year old, suing for his wrongful death. Defendants are the father of the 19-year old driver of the offending automobile and his liability insurer. The father was dismissed as a Defendant by mutual consent.
On January 25, 1958, about 2:30 P.M., Plaintiffs' child was struck and instantly killed by an automobile driven by the son in the 3000 block of Paris Ave. in New Orleans. At that time the Parkway Commission of New Orleans was trimming palm trees in the neutral ground near the center of that block, and one of its trucks was parked next to the neutral ground on the River-bound roadway of Paris Ave. Paris Ave. has two roadways, separated by a neutral ground, each having three traffic lanes, one for parking (the right sidewalk lane) and two for moving traffic (the neutral ground and the center lane).
A flagman was stationed in front of the Parkway truck to control passing traffic. There were four or five cars parked in the right or sidewalk lane of Paris Ave. The Parkway truck was parked in the neutral ground lane, hence moving traffic had to funnel through the center lane. The automobile involved here was travelling not more than 20 miles per hour when it passed the Parkway truck. The deceased child had been playing with his older brothers and sisters in the enclosed rear yard of their home at 1942 Gentilly Blvd., around the corner from the 3000 block of Paris Ave. The mother was hanging clothes in the yard, went inside to get milk for her 18-month old baby, and when she returned she discovered the children had left and soon learned of the tragedy. Decedent's 6-year old sister had some time previously, unknown to the automobile driver, crossed Paris Ave. to the neutral ground. Her little brother apparently attempted to follow her to watch the tree-trimming.
The 19-year old son's girl companion (now his wife) with him on the front seat, noticed the child suddenly emerge from the front of the car parked on the sidewalk lane, called his attention to it. The son promptly, but ineffectively, applied his brakes. The child was struck and killed. The car came to rest with the rear wheels on the body of the child, about 27 feet in front of the parked car. In seeking to edge his automobile off the body of the child, the body was dragged a few feet further.
In finding the driver free from negligence, the District Court concluded:
"He was confronted with the situation of a young tot dashing out immediately in front of him, and apparently did everything he possibly could to stop his automobile. It is an unfortunate situation, but the case will be dismissed at the plaintiffs' cost.
* * * * * *
"All the evidence in this case shows that this tot came out from behind a parked automobile, and that the first time Wusthoff or his present wife, Gwen Perrett, saw the child was immediately as it came out from behind the parked vehicle."
The special duty owed by motorists to children, the aged, the infirm, and drunken pedestrians, is well-established in our jurisprudence. Motorists driving in close proximity to points at which children walk, play, or congregate, or who see any of them in possible danger, must exercise greater care than would be necessary in the case of grown-ups or normal persons. Gray v. Great American Indemnity Company, La.App., 121 So.2d 381.
A motorist is not the insurer of the safety of children playing near the street and, if a motorist is proceeding at lawful and reasonable speed, and obeying the rules of the road, he will not be held liable for injury to a child who suddenly darts into the path of his automobile from a concealed position in such a manner that the motorist is unable to avoid striking the *228 child. Layfield v. Bourgeois, La.App., 142 So.2d 799, and cases therein cited.
Motorists travelling at lawful speeds and observing the rules of the road are not required to peer behind parked cars to discover that someone might emerge therefrom.
Plaintiffs-Appellants make much of the fact that the automobile came to a stop about 29 feet from the front of the first parked car. In Seale v. Checker Cab Company, La.App., 137 So.2d 478, a 7-year old child darted into the path of a taxicab travelling at 18 miles per hour. The child was 25 to 30 feet away and between two parked vehicles attempting to cross the street. The driver was absolved from negligence and Plaintiff's suit dismissed.
For the reasons assigned, the judgment of the District Court is affirmed; Plaintiffs-Appellants to pay all costs in both Courts.
Affirmed.