CHASEZ, Judge.
Plaintiffs instituted suit ex delicto to recover damages sustained by Mrs. Bean and the community as a result of an automobile accident. From a judgment awarding Mrs. Bean the sum of $5,000.00 for personal injuries and Mr. Bean, on behalf of the community, the sum of $200.00 in property damage, the defendants appeal. Plaintiffs have answered the appeal asking for recovery for loss of wages and for medical expenses owed by plaintiff to Charity Hospital in New Orleans.
The question before us on this appeal is a question of fact. The defendants allege that the Court committed manifest error in not finding Mrs. Bean guilty of contributory negligence.
The record reflects that the accident occurred at the intersection of Benefit Street and Piety Street in the City of New Orleans, on February 21, 1960, at about 12:30 p. m. The above intersection is uncontrolled; it was raining at the time of the accident. Plaintiff, Mrs. Bean, was operating a Buick sedan on Piety Street traveling in the direction of the Mississippi River. The defendant, William H. Toney, was operating a Logan Cab owned by defendant, Sidney Logan, and bonded by the defendant, Nola Cabs Co., Inc., traveling on Benefit Street in the uptown direction. At the time of the accident neither car had passengers. The facts indicate that plaintiff’s automobile approached the intersection from the defendant’s right and entered the intersection ahead of defendant’s automobile. Plaintiff, therefore, had the right-of-way under the Traffic Ordinance of New Orleans, Section 38-133. Plaintiff’s automobile was *33 struck on the left front fender back to the left door with such force that it was knocked from its direction of travel almost 90 degrees; it sideswiped a post then came to a stop in a playground area. The plaintiff testified that as she approached the intersection she slowed down and looked to her right and to her left and seeing no vehicle endangering her crossing she proceeded slowly through the intersection. The evidence indicates while the intersection is not a blind corner there is a house set back 25 to 30 feet from the corner to the left of where plaintiff entered the intersection. The location of the house does not permit the approaching driver to get a wide-angle view. A disinterested witness testified that the taxicab passed him one-half block from the site of the accident and was proceeding at a very fast rate of speed. He estimated the speed of the taxicab was between 30 to 35 miles an hour. The authorized speed limit on both streets was 20 miles per hour. The defendant driver of the automobile, William Toney, could not be located and did not testify at the trial.
Defendant argues that even though Mrs. Bean had the right-of-way she was con-tributorily negligent by not keeping a proper lookout. Plaintiff testified that she slowed down to 15 miles per hour as she approached the intersection and looked both ways; and since she did not see any vehicle immediately approaching her she proceeded through the intersection and, of course, the accident occurred.
The trial court stated: “That if defendant’s vehicle had not been speeding at almost twice the lawful speed limit the accident would never have happened. Plaintiff could not anticipate that any vehicle which was not immediately approaching her would cause her any difficulty as she went through the intersection. It is evident that defendant vehicle was further on down the block from the intersection when the plaintiff approached it and looked for approaching traffic.” After a review of the evidence presented in this case, we are of the opinion that the trial judge was correct in his finding. Defendant’s vehicle was approaching the intersection at an excessive rate of speed. The fact that she did not see this cab, even though she looked, would indicate that it was further down the block and out of view as she approached the intersection. It should be noted that although the intersection was not a blind intersection it was one where the view was partially obscured by a house. One could only see approximately half a block from the intersection. We do not think the fact that Mrs. Bean did not see the taxicab approaching under these circumstances would make her guilty of contributory negligence. Deshotels v. Southern Farm Bureau Cas. Ins. Co., 245 La. 23, 156 So.2d 465 (1963); Gorman v. Indemnity Ins. Co. of North America, 134 So.2d 602 (La.App.1961) ; Noonan v. London Guarantee & Accident Company, 128 So.2d 918 (La.App.1961). In fact the evidence herein indicates that this accident occurred solely because of the negligent driving of defendant, William H. Toney.
On the question of plaintiff’s loss of wages we do not believe that plaintiff has sustained her burden of proof.
The only testimony offered to sustain plaintiff’s contention that she had lost wages on account of the accident was that of Mr. and Mrs. Bean. They testified that Mrs. Bean worked as a domestic three days a week prior to the accident. No corroborative evidence was offered. The trial court considered the testimony vague and disallowed an award for loss of wages. When a trial court has refused to make an award for loss of earnings and the proof consists only ,of plaintiff’s uncorroborated testimony, the Appellate Court will not disturb this finding. Stevens v. Dowden, 125 So.2d 234 (La.App.1960). We find no manifest error in the disallowance of damages for loss of wages.
We are of the opinion the trial court erred in disallowing recovery for medical expenses. Mrs. Bean was treated at Char *34 ity Hospital and Mr. Bean has received a bill in the amount of $1,350.40. This bill was received in evidence and plaintiff, Mr. Bean, testified that he had received it from Charity Hospital. The trial court disallowed the expense on the ground that Charity Hospital had not intervened. We believe that the claim should have been allowed under the rationale of Ledbetter v. Hammond Milk Corporation, 126 So.2d 658 (La.App.1961) in which it was stated:
“It is felt that the holding of the lower court as to the claim for any amounts due Lallie Kemp Charity Hospital as a result of treatments given to Matthew Ledbetter, Donald Ray Led-better and Lavid Ledbetter for injuries sustained in the accident sued upon is incorrect. It is true that the requisites of LSA-R.S. 46:9 et seq., were not complied with in this case. The case of Green v. Marquette Casualty Co., La.App., 79 So.2d 116, is cited as authority by the District Court. In that case the Charity Hospital was not a party to the suit, by intervention or any other method, and the only reference to any claim the hospital might have had was the introduction of the Charity Hospital bill into evidence. This was found to be insufficient to support a judgment for such expenses under the authority of the above-cited statutes. However, plaintiff in this case set up his indebtedness to the Charity Hospital in his original petition. This indebtedness was substantiated by testimony and evidence. There is no reason given why such a claim cannot be sought and enforced by the plaintiff, in lieu of any action taken by the Charity Hospital under the pertinent statutes. The right of subrogation provided by the statutes presupposed a right of direct action. For these reasons, judgment is granted herein for a total of $113 for treatment received by plaintiff and his two minor sons.”
See also Lightell v. Tranchina, 115 So.2d 890 (La.App. 1959). cf. Boyd v. Bennett, 114 So.2d 127 (La.App.1959). Therefore, the claim of Mr. Bean for medical expenses due and owing to the Charity Hospital in the amount of $1,350.40 will be allowed.
For the foregoing reasons, the judgment is amended to allow the medical expenses in the sum of $1,350.40; in all other respects it is affirmed; all costs to be borne by defendant.
Amended and affirmed.