CUTRER, Judge.
Plaintiff, Mrs. Mary Carbo, instituted this suit on behalf of her minor daughter, Sally Anne King, to recover damages for injuries sustained by the latter. Plaintiff, individually, also seeks special damages incurred by her as a result of injuries to her daughter. The liability of defendant, Houston Fire and Casualty Company, is based upon the uninsured motorist provision of its policy issued to plaintiff. The uninsured motorist, Mrs. Deborah Becnel was also made a defendant in the original petition. A third party petition for restitution was filed by Houston Fire against Thomas Becnel alleging that Mrs. Deborah Becnel, his wife, was on a community errand at the time of the accident. From a judgment dismissing plaintiff’s suit and the third party petition, appeals were perfected by plaintiff and third party plaintiff.
*365 The accident occurred on September 25, 1965 in Baton Rouge near the “T” intersection of Perkins Road and Pickett Avenue at approximately 7:30 or 7:45 A.M. when a 1959 Pontiac driven by Mrs. Deborah Becnel struck Sally Anne King, eight years of age. The child was attempting to cross Perkins Road from south to north.
In addition to Mrs. Becnel, two other witnesses, Jerry L. Cooper, manager of a service station immediately opposite the intersection, and Charles A. Reynolds, an employee of the service station, observed the accident.
Certain discrepancies between Mrs. Bec-nel’s deposition and her testimony during the trial have been singled out. Mrs. Becnel explained that the variations in testimony were due to the fact that the accident occurred eighteen months prior to the taking of the deposition. After the deposition was taken, Mrs. Becnel viewed the scene of the accident and refreshed her memory; hence, the discrepancies. The trial court felt that the inconsistency in testimony was of little or no import due to the fact that the disinterested witnesses, Mr. Cooper and Mr. Reynolds could more accurately testify to the circumstances surrounding the accident.
Mrs. Becnel stated that she was unable to observe Sally Anne King in time to avoid the accident. This is corroborated by both Cooper and Reynolds, witnesses called by the plaintiff. With regard to the testimony of the latter two witnesses, we take the liberty of quoting the trial judge:
“The record shows that at the time of the accident the traffic on Perkins Road, which is a two lane street, was very heavy, that numerous cars were passing the Pickett Avenue intersection both eastbound and westbound. They placed the speed at which Mrs. Becnel was driving as not exceeding twenty miles per hour, which was well within the fixed limit. They further testified that they saw both the injured child and her older sister as they were standing on the south side of Perkins Road; that the injured child and her older sister darted out into Perkins Road immediately behind an eastbound car, the older child going first and followed immediately by the younger child who was injured. Some emphasis has been placed on their testimony that there was a time lapse of a few seconds between the times that the two children darted into the street. When asked the direct question as to the relative positions of the two children Cooper testified that the older child was approximately half way across the street when her younger sister started out. It is doubtful that the estimate of the witnesses as to three, four or five seconds is accurate considering the width of the street and the fact that the older child ‘darted out.’
On the question as to whether Mrs. Becnel could have seen these children sooner than she did, I quote from the testimony of Cooper:
Q Now was there anything to obstruct the view of the driver of the Pontiac automobile as it approached that intersection from being able to see those two children?
A There was cars passing, yes, sir.
Q Other than the one car was there anything*?
A- Cars behind it, behind this other one, you know going towards Lee Drive.
Q What other cars?
A I don’t remember which cars it was, sir, but I do remember these cars over there.
From the testimony of Reynolds:
Q I see. Was there anything to have prevented Mrs. Becnel, the driver of that 1959 Pontiac white automobile, from seeing those two children as she *366 approached that intersection of Perkins and Pickett?
A It would be the car that just passed the children.”
These two witnesses testified that the child “darted out” in front of Mrs. Becnel’s vehicle. This testimony reveals the following:
Jerry L. Cooper:
“Q But it was a short delay, is that right ?
A Yes, sir, a short delay. The oldest girl darted out and the young one darted out behind her.” (Emphasis ours.)
Charles A. Reynolds:
“A It was my impression that the little girls were looking to their left and when this dark car passed, then the traffic was clear, and they darted out. (Emphasis ours)
Q Shot right out?
A Yes, sir.
It is important to note that Mrs. Becnel’s vehicle came to a complete stop six or eight feet from the point of impact.
Clearly, Mrs. Becnel was not guilty of negligence. She was travelling at a slow rate of speed and did everything within her ability to avoid the accident. Our courts have been confronted with so-called “dart-out” cases in the past and in Oxner v. Reeves, 153 So.2d 565 (Certiorari Refused June 28, 1963), the applicable law was stated as follows:
“The jurisprudence of this State is settled to the effect that when a motor vehicle is moving at a lawful speed and its driver is complying with the laws regulating speed and the rules of the road, the driver ordinarily is not liable for injuries incurred by a child who darts from behind a parked automobile and emerges in front of the vehicle so suddenly that the driver cannot stop or take other steps m time to avoid injuring him. Hudson v. Byers, La.App. 2 Cir., 73 So.2d 596; Basham v. Ohio Casualty Insurance Company, La.App. Orl., 106 So.2d 129; Lyles v. Aetna Casualty & Surety Company, La.App. 1 Cir., 136 So.2d 542 (Cert. denied); Seale v. Checker Cab Company, La.App. 4 Cir., 137 So.2d 478; Wilson v. Travelers Insurance Company, La. App. 3 Cir., 142 So.2d 563; Schuster v. Audubon Insurance Company, La.App. 4 Cir., 147 So.2d 226; Moore v. American Insurance Company of Newark, N. J., La.App. 1 Cir., 150 So.2d 346.”
For the above and foregoing reasons the judgment of the trial court is hereby affirmed.
Affirmed,