224 So.2d 37 (1969)
Michael PEA, Sr., Individually and as Administrator of the Estate of his Minor Son, Michael Pea, Jr.
v.
Johnny E. SMITH et al.
No. 7667.
Court of Appeal of Louisiana, First Circuit.
May 26, 1969.
Rehearing Denied July 2, 1969.
James D. Thomas, II, of Dodd, Hirsch, Barker, Avant & Wall, Baton Rouge, for appellant.
Robert J. Vandaworker, of Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellees.
Before LOTTINGER, ELLIS and BAILES, JJ.
BAILES, Judge.
This is a suit by Michael Pea, Sr., individually and as administrator of the estate of his minor son, Michael Pea, Jr., as petitioners against Johnny E. Smith and his liability insurer, Southern Farm Bureau Casualty Insurance Company, as defendants, for damages sustained when his minor child was struck by an automobile driven by Johnny E. Smith. The Lower Court rendered a judgment in favor of defendants dismissing petitioners' suit, and the petitioners have appealed.
The facts, which are not in dispute, disclose that on October 2, 1964, at approximately 2:30 o'clock P.M., Mr. Johnny E. Smith was driving his Ford station wagon in a westerly direction on U. S. Highway 190 (also known in Ponchatoula as East Pine Street) and at a point a few feet east of its intersection with First Street, in the City of Ponchatoula, Louisiana. Michael Pea, Jr., a child five years of age at the time, suddenly crossed the eastbound lane, *38 from behind an eastbound car which had just passed, into the westbound lane where he was struck by the right front of the Smith car thereby sustaining serious injuries.
The highway upon which defendant was traveling was a two-lane thoroughfare having a width of 24 feet paved and 14 foot shoulders on each side of the pavement. The posted speed limit in the area was 35 miles per hour. There were no obstacles to hinder the vision of the defendant motorist in seeing persons or objects along the side of the road.
Michael Pea, Jr., had been sent by his mother to a grocery store named The Trading Post situated on the northeast corner of the intersection of U. S. Highway 190 and First Street which is across the highway from the area from where the boy lived. The child's mother testified that she sent Michael to get bread and milk at the store and felt that he was old enough as he had gone once before by himself. She did acknowledge, however, that most of the time she accompanied him across the highway to the store.
Two eyewitnesses, namely, Mrs. Mable C. Meyers and Mrs. Mary Dominguez, testified that they were stopped in a pick-up truck on the south side of First Street waiting for eastbound traffic to clear the intersection so that they could make a right turn and proceed easterly on Highway 190. Upon approaching the intersection, they had observed the young child standing on the shoulder of U. S. Highway 190 several feet from the corner. They stated that at the time he was watching an eastbound automobile to his left which was also impeding their entry onto the highway. After this eastbound car passed and without looking to his right, the boy ran into the highway directly behind the eastbound vehicle and into the path of the Smith vehicle which was traveling westerly.
Smith testified that he was driving approximately 25 miles per hour, and that he did not see the Pea child until he appeared several feet away near the center line at which time he was unable to stop before striking the child. Mr. Smith immediately applied his brakes and slowed his car to such a speed that following the impact, the child came to rest only a couple of feet in front of the Smith vehicle.
The undisputed evidence in this case is that Michael Pea, Jr., was standing on the shoulder of the street in clear view in broad open daylight and that he was in the plain view of Mrs. Dominguez and Mrs. Meyers for a considerable period of time before the accident. The photographs in evidence mutely testify to the fact that there were no obstructions to view which would have prevented Mr. Smith from seeing him.
The only question addressed to the Court is whether or not Mr. Smith was negligent in the operation of his car in response to the situation confronting him. Under the law and jurisprudence of this State contributory negligence cannot be assessed against a five year old child. Millannos v. Fatter, 18 La.App. 708, 138 So. 878; Lyles v. Aetna Cas. and Sur. Co., La.App., 136 So.2d 542; Helgason v. Hartford Ins. Co., La.App., 187 So.2d 140.
The jurisprudence of this State places a high duty of care upon persons operating automobiles on the public streets and highways in the vicinity of small children. Ates v. State Farm Mutual Automobile Insurance Company, La.App., 191 So.2d 332. In that case, the Court said:
"This burden is not discharged by merely blowing a horn in warning or reducing one's speed below the maximum limit. A motorist encountering children upon the roadside must anticipate that the very young are possessed of but limited judgment and that their actions are likely to be sudden, unpredictable and often foolish. * * *"
*39 The defendant Smith's failure to see the child was negligence which was the proximate cause of the accident. See also Jackson v. Cook, 189 La. 860, 181 So. 195; Haywood v. Fidelity Mutual Ins. Co., La. App., 47 So.2d 59; and Guillory v. Lemonie, La.App., 87 So.2d 798.
The cases cited by the defendants are clearly distinguishable from the instant case on the facts. Defendants have impleaded plaintiff, Michael Pea, Sr., in an effort to recover judgment against Michael Pea, Sr., for one-half of any judgment which might be rendered against them on the ground that the child, Michael Pea, Jr., became involved in this accident through and by reason of the negligence of plaintiff. There is no merit to the third party claim as we find that the sole and proximate cause of this accident was the actionable negligence of defendant, Johnny E. Smith, not seeing what he should have seen and in not observing this child standing on the edge of the street and in not taking all necessary action to prevent harm to this child. The evidence shows that the child was struck by the right front of the Smith vehicle. We are convinced that had Mr. Smith been alert to the presence of the child on the side of the street he could have prevented striking him.
None of the treating physicians testified in this case. In lieu of medical testimony the hospital records were filed in evidence. From these records we have determined that Michael Pea, Jr., had multiple lacerations of his body, a fractured femur, a fractured skull and a lacerated kidney. The lacerated kidney was repaired by surgery. This child was confined in the hospital for forty-two days. We find that a fair and adequate award to this child for his serious injuries is the sum of $10,000. Under the authority of Bean v. Toney, La.App. (1965) 173 So.2d 31, and Leonard v. Travelers Insurance Co., La.App. (1966) 183 So.2d 447, plaintiff is entitled to recover the amount of the bill for the medical services rendered his son by the Charity Hospital of Louisiana at New Orleans. These hospital and medical expenses amount to $1716, plus ambulance charges of $120 for six trips to and from his home to the hospital in New Orleans.
Under the terms of the policy issued by defendant, Southern Farm Bureau Casualty Insurance Company to the other defendant, Mr. Johnny E. Smith, the extent of the insurer's liability for the injuries sustained in this accident is the sum of $5,000.
For the foregoing reasons there is judgment herein reversing and setting aside the judgment of the trial court in favor of defendants and there is judgment herein in favor of Michael Pea, Sr., and against Johnny E. Smith and Southern Farm Bureau Casualty Insurance Company in the full sum of $1836, of which amount $776 is rendered against Johnny E. Smith and Southern Farm Bureau Casualty Insurance Company, in solido, and the balance of $1060 is rendered against Johnny E. Smith, individually. Further, there is judgment herein in favor of Michael Pea, Sr., as administrator of the estate of his minor son, Michael Pea, Jr., and for his use and benefit, and against Johnny E. Smith and Southern Farm Bureau Casualty Insurance Company in the full sum of $10,000, of which amount $4224 is rendered against Johnny E. Smith and Southern Farm Bureau Casualty Insurance Company, in solido, and the balance of $5,776 is rendered against Johnny E. Smith, individually.
Defendants are cast, in solido, for legal interest on the amount of this judgment from date of judicial demand until paid, and for all costs of these proceedings.
Reversed and rendered.
LOTTINGER, Judge (dissenting).
I respectfully dissent from the majority herein for the reason that the majority is imposing too great a burden of care on the defendant herein and are attempting to make him an insurer of the safety of children.
*40 There is no dispute as to the facts in this case. However, there are some additional facts which are not covered in the majority opinion which should be given to show all of the peculiar circumstances governing this case. The defendant testified that on the day of the accident there was a heavy overcast and it had been raining, however, he did not know whether it was raining or just misty at the time of the accident. He believed that he had his windshield wipers operating at the time of the accident. He was driving about 25 miles per hour in a 35 mile per hour speed zone. He testified that he did not see the child on the shoulder prior to this accident as he was concentrating on the eastbound vehicle which he estimated was going approximately 40 to 50 miles per hour. He stated that he did not see the child until the eastbound car had passed and the child ran across the highway directly from behind the said car into his path of travel. He immediately applied his brakes and skidded some ten feet on the wet pavement before striking the child and immediately after striking the child his car came to a stop. The Lower Court evidently believed the defendant, for in his reasons for judgment after reviewing the jurisprudence, stated:
"Judged by these standards, it would be quite difficult to find Johnny E. Smith negligent in view of the evidence offered on the trial of the case. He was driving at a reduced speed due to the weather conditions and was mindful of another automobile approaching from the opposite direction. Certainly his first obligation as a driver required that he be attentive to vehicles on the roadway in close proximity to him and as stated by him, this was his primary consideration. At no time was he aware of the presence of the child and then he made every effort to stop after discovering the child in the path of his automobile."
I believe the jurisprudence on this set of facts is clear. It is just a matter of applying the law to the facts.
The general rule is properly stated in Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed.Vol.2A, par. 1498:
"Drivers or owners of motor vehicles are not insurers against all accidents wherein children are injured. Accordingly, a driver proceeding along a street or highway in a lawful manner using ordinary and reasonable caution for the safety of others, including children, will not be held liable for striking a child whose presence in the street could not reasonably be foreseen. He is not required to anticipate the appearance of children in his pathway, under ordinary circumstances, from behind parked automobiles or other obstructions.
Thus, when a motor vehicle is proceeding upon a street at a lawful speed, and is obeying all the requirements of the law of the road and all the regulations for the operation of such machine, the driver is not generally liable for injuries received by a child who darts in front of the machine so suddenly that its driver cannot stop or otherwise avoid injuring him."
The facts of the instant case are strikingly similar to those of Carbo v. Houston Fire & Casualty Insurance Company, 208 So.2d 364, which was decided by this Court. The accident in the Carbo case was a daytime one and a child pedestrian was struck by an automobile. There was no issue in the Carbo case regarding negligence on the part of the child, the only question was whether or not the motorist was negligent. Both accidents occurred when the child darted into the path of the motorist from a position on the road shoulder to the motorist's left side of the highway just after a vehicle traveling in the opposite direction had passed.
In both cases the motorist striking the child was traveling at slow speeds well within the speed limits, and both motorists were able to stop within a few feet after striking the child. In both cases the motorist testified that they did not see the pedestrain *41 child until it darted from behind the vehicle traveling in the opposite direction into the path of the motorist's vehicle.
In the Carbo case there were two eyewitnesses testifying as to whether or not there were any obstructions to the motorist's view of the child prior to his darting into the highway. Both of these witnesses testified that the only obstruction would be the car that had just passed traveling in the opposite direction and from behind which the child darted into the path of the defendant driver. In that case we held:
"Clearly, Mrs. Becnel was not guilty of negligence. She was traveling at a slow rate of speed and did everything within her ability to avoid the accident. Our Courts have been confronted with so-called `dart-out' cases in the past and in Oxner vs. Reeves, 153 So.2d 565 (Certiorari Refused June 28, 1963), the applicable law was stated as follows:
'The jurisprudence of this State is settled to the effect that when a motor vehicle is moving at a lawful speed and its driver is complying with the laws regulating speed and the rules of the road, the driver ordinarily is not liable for injuries incurred by a child who darts from behind a parked automobile and emerges in front of the vehicle so suddenly that the driver cannot stop or take other steps in time to avoid injuring him. Hudson v. Byers, La.App. 2 Cir., 73 So. 2d 596; Basham v. Ohio Casualty Insurance Company, La.App.Orl., 106 So.2d 129; Lyles v. Aetna Casualty & Surety Company, La.App. 1 Cir., 136 So.2d 542 (Cert. denied); Seale v. Checker Cab Company, La.App. 4 Cir., 137 So.2d 478; Wilson v. Travelers Insurance Company, La.App. 3 Cir., 142 So.2d 563; Schuster v. Audubon Insurance Company, La.App. 4 Cir., 147 So.2d 226; Moore v. American Insurance Company of Newark, N. J., La.App. 1 Cir., 150 So.2d 346.'"
Hudson v. Byers, cited above, involved a four year old child who ran across a street, but not from behind a parked or moving car and the defendant was found not negligent.
The Lyles v. Aetna Casualty & Surety Co. case cited above involved a five year old child who ran across a street from behind a car which had just passed and the defendant was found not negligent.
I am of the opinion that because of the peculiar facts and circumstances of the case at bar the defendant in the instant case should be found not negligent. It appears to me that the defendant driver here has a much stronger case in his favor than in all of the cases cited above.
The majority makes much of the fact that the defendant driver should have seen the child standing on the shoulder on the opposite side of the street. That may be so, but I am inclined to believe that the defendant driver had justifiable reasons for not seeing the child at that time, first, because the child was on the opposite side of the street of that size, second, because it was or had been raining and his windshield wipers were on at the time, third, because he was concerned about an oncoming vehicle which he estimated was going approximately 40 to 50 miles per hour, fourth, because it was his duty to keep a sharp lookout ahead for other cars in close proximity to him, and fifth, the combination of all these factors happening all at the same time.
Be that as it may, and assuming for the sake of argument that under the circumstances prevailing herein that the defendant driver did not have justifiable reasons for not seeing the child standing on the shoulder several feet from the corner, before the accident, the majority herein imposes the duty upon the defendant driver to stop his car and await for all oncoming traffic to pass and then check on the child, and if the child is still there then he can proceed, but according to the majority herein if he proceeds at this low rate, 10 miles below the legal rate of speed, and the child should run out from behind the first or even the last oncoming car to cross the *42 street, and despite the fact that the defendant did all in his power to avoid the accident after seeing the child in the street and in this dangerous position, they would still hold the defendant negligent. With this conclusion I cannot agree. I do not believe this is in keeping with the jurisprudence of this state and particularly the cases above cited. This in my estimation is imposing too great a burden of care on the defendant, as the drivers of motor vehicles are not insurers against all accidents wherein children are injured.
For the above and foregoing reasons, I respectfully dissent from the majority.