STOKER, Judge.
In this tort action plaintiff, Mary Penn Bourque,[1] individually and as natural tutrix of her six year old son, Louis Bourque, seeks to recover damages sustained by her son in an auto-pedestrian collision. Plaintiff named Patricia Bellaire, driver of the automobile, and her insurer, Allstate Insur- *616 anee Company, as defendants in the original petition. State Farm Mutual Automobile Insurance Company intervened to recover medical payments made for Louis Bo-urque’s injuries. In a supplemental and amending petition, plaintiff alleged that she was covered by uninsured motorist insurance issued by State Farm Mutual Automobile Insurance Company, and she named State Farm as an additional defendant. At trial counsel for plaintiff moved to dismiss Patricia Bellaire from the lawsuit as a party defendant, but reserved all rights against Allstate Insurance Company and State Farm Mutual Automobile Insurance Company. After trial on the merits the jury rendered judgment for the defendants. Plaintiff has appealed, urging that the jury manifestly erred in its conclusion that the defendant driver, Patricia Bellaire, was free of any negligence.
FACTS
On Saturday, January 13, 1979, at approximately 6:15 PM on a dark, cloudy night, an automobile driven by Patricia Bel-laire struck Louis Bourque as he attempted to cross Charity Street near its intersection with Lamar Street in Abbeville, Louisiana.
Charity Street runs east and west. It is four lanes in width, two lanes in each direction, without any median. From curb to curb, Charity Street measures 41 feet. At the time of the accident the defendant was heading west on Charity Street in the lane of traffic nearest to the curb. Louis Bo-urque attempted to cross Charity Street from the south side to reach Guilbeau’s Store located on the northwest comer of the intersection. He had crossed three lanes of the street when the impact occurred. The accident report placed the point of impact eighteen feet north of the centerline of Charity Street and forty-five feet west of the centerline of Lamar Street.
Plaintiff testified that she was traveling at a speed of 25 to 30 miles per hour in a 35 miles per hour speed zone; that the child ran in front of her automobile, from left to right; and that she immediately applied her brakes upon becoming aware of the child. She swerved to avoid him but was unable to stop in time.
Two witnesses who saw the accident testified at the trial. Hazel Turner was at the laundromat on the south side of Charity Street located immediately opposite of Guil-beau’s store. The evidence indicated that there was no street lighting on the laundromat side of Charity Street by the Lamar Street intersection. Hazel Turner testified that as she was leaving the laundromat in her car, she noticed Louis Bourque in her headlights standing next to a sign pole in front of the laundromat. The side of the street in front of the laundromat was dark and there was a three foot high hedge between the sign pole and a telephone pole along the street. Hazel Turner testified that upon leaving the laundromat in her car, she entered the outside lane near the laundromat and proceeded in an easterly direction. Hazel Turner was therefore traveling in the opposite direction from Patricia Bellaire who was traveling in a westerly direction. After passing Louis, Hazel Turner observed him in her rearview mirror running across the street and remarked to her mother that the young boy was going to be hit by an automobile. She did not see the actual impact but saw Louis fall down.
Kip Sonnier, who was in front of Guil-beau’s store at the time of the accident, testified that he heard defendant apply her brakes and turned to see her swerve to avoid hitting Louis Bourque. He also said that Louis was running “real hard” across the street from the dark side of the street across from the store. Kip Sonnier did not see the car hit Louis, but he did see Louis fall into the store’s parking lot close to the car.
STANDARD OF CARE
Plaintiff argues that under the standard set forth in Baumgartner v. State Farm Mutual Auto. Ins. Co., 356 So.2d 400 (La.1978), Patricia Bellaire was negligent for failing to see Louis Bourque in a position of peril when she should have seen him. The court in Baumgartner stated:
*617 “Since the operator of a motor vehicle is aware that he could meet many emergencies in which pedestrians will not always act prudently and will sometimes be found in perilous situations, he should have the added burden of keeping the roads safe even for those who are negligently caught off their guard. Further, where injury results, the burden should fall on the motorist who, with the exercise of care reasonable under the circumstances, saw or should have seen the impending peril and had, at that moment, the opportunity to avoid it.”
In the Baumgartner case, the court found that a motorist who hit a pedestrian should have seen the pedestrian from a distance of at least 200 feet since the view was unobstructed.
Plaintiff also argues that the facts of the case of Pea v. Smith, 224 So.2d 37 (La.App. 1st Cir. 1969), writ denied, 254 La. 795, 226 So.2d 923 (La.1969), are similar to the facts in the instant case, and that the ruling should therefore be the same in both cases. In Pea, the court found a driver negligent for striking a five year old child who darted across the road. The evidence in that case indicated that the child was standing on the shoulder of the road in broad open daylight before he ran across the road, and that he was in plain view for a considerable period before the accident.
In Baumgartner and Pea, the courts found that the drivers should have discovered the presence of the pedestrians in a position of peril in time to have taken actions to avoid injuring the pedestrians. The evidence in both cases was that the pedestrians were visible for considerable periods of time before the drivers actually saw them. In the case before us, however, the evidence indicates that Louis Bourque ran quickly and suddenly from the dark side of the road and from a position that may have been further obscured from the driver’s view by tall hedges. Patricia Bellaire testified that she did not see Louis Bourque until he was directly in front of the car where he was illuminated by her headlights. Therefore, we cannot say that the jury was clearly wrong in finding that Patricia Bel-laire was not negligent in that there was ample evidence adduced at trial that she neither saw nor should have been Louis Bourque in time to avoid striking him.
This Court in Keel v. Thompson, 392 So.2d 713 (La.App. 3rd Cir. 1980) gave the following standard to be applied in cases of accidents between vehicles and small children:
“While the law imposes a high degree of care upon a motorist operating a vehicle on streets and highways in the vicinity of small children, a driver is not the insurer of the safety of children playing near or along a street or highway. If a motorist is proceeding at a lawful and reasonable rate of speed, maintaining a proper lookout, and otherwise obeying the rules of the road, he will not be held liable for injuries to a child who suddenly darts or dashes into the path of his vehicle from a concealed position in such a way that an accident cannot be avoided. When a driver has employed all reasonable precautions to avoid an accident and a sudden act of a child creates an emergency rendering it impossible for the motorist to avoid striking the child, the accident is considered unavoidable and the motorist is not liable.
. .. Also see Bruno v. Daniels, 328 So.2d 739 (La.App. 4 Cir. 1976), where the Court said that the duty to exercise greater than ordinary care to avoid injury to a child arises only upon the motorist becoming aware of the child or under circumstances where he should have been aware of the child. In other words, unless the motorist knows or has reason to know that a child is in the vicinity of the street, his duty is to use ordinary care and caution in the operation of his vehicle.”
The evidence in this case indicates that the defendant was proceeding at a safe speed, below the speed limit, and that she was otherwise in the exercise of reasonable care in the operation of her vehicle, when Louis Bourque suddenly ran from a concealed position into the path of her vehicle *618 in such a way that she could not avoid hitting him. Furthermore, defendant was unaware of Louis’s presence before he ran in front of her car and there were no circumstances at the time of the accident which should have alerted defendant of the possibility of a small child suddenly dashing across the busy street after dark. Therefore, we cannot say that the jury was clearly wrong in failing to find negligence on the part of Patricia Bellaire. For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.

. Mary Penn Bourque was substituted as proper party plaintiff in this suit upon the death of her husband, Clarence J. Bourque.