Bank vs. Bloch.

## No. 1427.

### ST. LOUIS NATIONAL BANK VS. JOSEPH BLOCH.

Where the language and terms of an interlocutory order apparently suspend absolutely, without reference to future possibilities, to a given fixed period, the right of a defendant to try the issues raised by him in his reconventional demand, and the defendant, claiming that such suspension is unreasonable and arbitrary, that it fetters the judge's action in the case, and that it will occasion him irreparable injury, appeals from the same, the Supreme Court will entertain the appeal for the purpose of ascertaining whether such complaints are well grounded.

When plaintiff's petition is put at issue by defendant's answer, in which is contained a reconventional demand, the suit with its issues stands as an entirety, and can not be tried piecemeal.

When in a case standing in such a position the defendant, through a respite, subsequently obtained by him, stays plaintiff's demand and ties his hands, he at the same time stays proceedings on the issues raised in the answer, which are necessarily connected with and incidental to the main action, and ties his own hands on the reconventional demand.

When the defendant, in a case so circumstanced, attempts, notwithstanding the respite, to try his own demand separately from that of the plaintiff, the action of the judge on exception in disallowing the trial of the same is correct.

An order of the judge on such exception suspending proceedings on the reconventional demand until the expiration of the respite can not and must not be construed as fettering the future control of the judge over the same. He is entitled to revoke or modify it if subsequent events should justify such action.

Respite does not abate, but merely holds in abeyance, suits standing at issue when the respite is granted.

APPEAL from the Eleventh District Court, Parish of St. Landry. *Perrault, J.*

*Thos. H. Lewis* for Plaintiff and Appellee.

*H. L. Garland and Kenneth Baillio* for Defendant and Appellant:

1. Interlocutory judgments are appealable where they procrastinate the suit to an indefinite period. 3 R. 103; 11 R. 452, 10 An. 508.

2. Parties are bound by evidence received without objection. 6 N. S. 86; 1 La. 301; 18 La. 321; 9 An. 254.

3. As against a non-resident plaintiff the defendant can reconvene for any cause of action. C. P. 375.

4. The forced respite results from the operation of law, and is the effect given by the law to the decree of a competent court, predicated upon the requirements of the respite laws. 36 An. 907.

5. The law of respite grants immunity from suit to the embarrassed but solvent debtor. It does not extend such immunity to the latter's debtors. C. C. 3084.

The opinion of the court was delivered by

NICHOLLS, C. J. In this case the plaintiff, the St. Louis National Bank, filed suit against Joseph Bloch, on March 7, 1890, claiming the

sum of $1217.97 and interest, joining a writ of attachment to the action, upon the ground of fraudulent conversion of his goods by Bloch.

Bloch, on the 10th of March, 1890, filed an answer, and in the answer inserted a reconventional demand for damages for the sum of $38,500.

On the 16th of June, 1889, Bloch applied for a respite, obtaining the customary order for a stay of proceedings against his person and property until further order of the court.

On the 16th of August, 1890, the proceedings of Bloch's creditors granting him a respite for three years was homologated by judgment of the District Court.

After the respite had been granted and homologated, on the demand of the plaintiff the defendant executed and delivered a bond in accordance with Art. 3093 C. C. and Act No. 134 of 1888 in favor of plaintiff.

The suit remained in this condition until the May term of 1892, when, on the defendant's insisting upon a trial of the reconventional demand, and the case being called for trial, plaintiff interposed an exception alleging that defendant could not prosecute his reconventional demand during the time of the respite, and asking for a continuance. On the trial of this exception and motion for continuance the judge ordered all proceedings to be suspended during the term of the respite. From this order defendant has taken an appeal.

In this court the plaintiff has made a motion for the dismissal of the appeal on the ground that the case is not appealable, the remedy of the defendant, if any he had, being by writ of mandamus, and furthermore for the reason that it is taken from an interlocutory order that does not and may not work irreparable injury.

### ON MOTION TO DISMISS.

Judgments delaying the trial of suits indefinitely and causing thereby irreparable injury are appealable.

In Newal vs. Martin, 3 R. 102, the court permitted an injunction against an order of seizure and sale until its ensuing term, and the appellate court said:

"We can not but regard this as an interlocutory judgment pronounced after hearing the parties, and from which an appeal may well lie, because it might operate irreparable injury."

This principle was affirmed in Duplessis vs. Lastrappes, 11 R. 450.

In Garrett vs. Oliver, 10 An. 508, an appeal was allowed from an interlocutory judgment permitting a defendant to call his vendor in warranty and extending it to subsequent vendors in warranty, which would in the court's opinion have had the effect of postponing the plaintiff's suit to an indefinite period. * * * "Hence (said the court) the order may be considered as productive of an irreparable injury to the appellant." ·

It appears to us the present case can hardly be distinguished in · principle from that of Duplessis vs. Lastrappes, 11 R. 451; Thomas vs. Baillo, 7 R. 414 and 416.

The pending case is quite similar, and the foregoing authorities applicable.

Motion to dismiss is therefore overruled.

## ON THE MERITS.

When the defendant Bloch filed an answer and inserted therein a reconventional demand against plaintiff, the suit became an entirety and could not thereafter be tried piecemeal. It is impossible to try the issues raised in an answer separately from those raised in the petition, particularly where those in the answer are necessarily connected with or incidental to the main action.

When the defendant applied for and obtained an order for a stay of proceedings and an order for a respite, the effect of that condition of things was to stay plaintiff's suit—not a part of the suit but the whole of it. The suit did not abate as the result of the respite; it was simply held in check. The respite may have had the effect of releasing *ipso facto* the property attached and replacing it in the hands of its owner, but it did not operate, as we have said, the dismissal of the suit with its issues. That remains in the condition in · which the respite found it, subject to be taken up and proceeded with or not at some future time, as circumstances might develop. If there be any hardship in the matter it is simply the result of the course which defendant has himself elected to follow. The fact that the defendant has furnished a bond in favor of the plaintiff under Act No. 134 of 1888 does not affect the situation.

In the case of Mitchell vs. Dalton & Dalton, not yet reported, decided recently at Monroe, this court rendered judgment for damages in reconvention in favor of a debtor who had obtained a respite against one of his creditors who subsequently to the order for a stay

of proceedings and pending the same, had brought a suit for personal judgment against him, and had accompanied the demand by an attachment. The facts of that case, however, bear no resemblance to the present one. All the proceedings took place after the stay, the suit was tried as a whole after issue joined, without exception, and evidence heard without objection.

The order rendered in this case can be, and doubtless will be, modified or entirely revoked in the future should circumstances warrant the same. The language and terms of that order could not, and must not, be held to fetter the judge in his future control of the same.

As matters stand, we can afford the defendant no relief, and the court declines to annul or revoke the order complained of and appealed from, and, subject to the limitations stated in this opinion, the said order of the District Judge is affirmed at appellant's costs.