LOTTINGER, Judge.
This is a suit for personal injuries and medical expenses resulting from an automobile-pedestrian accident wherein the minor child of petitioner received injuries. The petitioner is Wilber L. Tyson, who sues individually and on behalf of his minor son, Joseph Rodney Tyson. The defendants are William A. Jackson, his son George R. Jackson, who was a minor at the time of the accident, and State Farm Mutual Automobile Insurance Company, the liability insurer of the Jackson automobile. The Lower Court awarded judgment in favor of defendant, dismissing the suit, and petitioner has appealed.
The scene of the accident was Louisiana State Highway No. 378 in Calcasieu Parish, Louisiana; said highway runs generally east and west, and is blacktopped for a width of nineteen feet. In the vicinity of the accident there were five foot shoulders on each side of the highway and then a sloping ditch. The accident occurred at approximately 5:45 P.M. on March 22, 1958 just as the sun was beginning to set. The weather was clear and it was still daylight.
The evidence reflects that George R. Jackson, who was a minor of twenty years at the time of the accident, was driving his father’s automobile in an easterly direction along Highway 378. He crossed a railroad track at approximately some five hundred feet west of the accident, and testified that, in crossing the track, he was proceeding at a speed of approximately twenty-five miles per hour. After crossing the track he increased his speed to approximately thirty to thirty-five miles per hour and was passed by an old model car headed in the opposite direction, or westerly along said Highway No. 378. Immediately after being passed by the said car, young Jackson saw a small child directly in front of his left hand fender, in his lane of traffic at a distance of thirty-five or forty feet. He testified that the child was running across the highway. Young Jackson immediately applied his brakes and the child was struck by the automobile. The young child came to rest along the southern edge of the blacktop and in a position some five feet west of the edge of a shell road which runs in a southerly direction from Highway No. 378. The Jackson automobile came to a stop in its proper lane of traffic at a distance of approximately twenty feet west of the stricken child.
The stricken child was Joseph Rodney Tyson, the young son of petitioner Wilber L. Tyson. At the time of the unfortunate accident young Rodney was six years old, he having been born on May 7, 1951. The child resided with his family in the family home which is situated south of Highway No. 378 just opposite the scene of the accident.
The record reflects that, a short time prior to the accident, Mrs. Tyson had asked young Rodney to go outside the family home and get the paper. Young Rodney misunderstood his mother and thought that she intended for him to cross the highway and get the mail out of their mailbox, which was situated directly across the highway from the Tyson residence. The evidence reflects that it was after his crossing the highway to get the mail young Rodney, in-returning to the family home, was struck by young Jackson.
There were but two eye witnesses to the accident other than the child who was struck. These eye witnesses were young Jackson himself and a gentleman with the name of Virgil Talbot, who was traveling west along Highway No. 378 and was following the so called “old car” at a distance of some four hundred or five hundred feet.
Mr. Talbot testified that he noticed the boy standing some three feet off the black *505 top in a crouched position at the time that the old car was passing the scene. He testified that immediately when the old car passed the hoy, young Rodney “shot across the road”, directly in the path of the Jackson vehicle. Young Rodney himself testified that he waited for the old car to pass and proceeded to “walk” across the highway, looking in an easterly direction, however he did not look in a westerly direction, which was the direction from which the Jackson automobile was approaching.
State Trooper C. T. Hannon, who investigated the accident, testified that the Jackson vehicle left skid marks on the blacktop road for a length of seventy-two feet. He testified that the skid marks were light at the beginning and got darker as they continued. His testimony was that from the ■evidence he considered the Jackson vehicle to have been traveling at a speed of approximately thirty-five miles per hour immediately prior to the accident. There were no marks on the Jackson car which would indicate the point of impact.
Andrei Chicano, an automobile mechanic, testified that he had rebuilt the motor in the Jackson vehicle just a few days prior to the accident. In rebuilding the motor he placed a fuel restrictor in it which would restrict the speed of the vehicle to approximately forty miles per hour. His mechanical work was completed on March 20, 1958 just two days prior to the accident. He testified that the restrictor was not removed by him until after the accident, and that certain markings which he placed on same disclosed it had not been disturbed in any manner. The purpose of the restrictor was to protect the motor from being driven at high speeds for the first thousand mile break-in period.
The evidence, generally, reflects that Louisiana Highway No. 378 is a well traveled State highway. There are several residences along the highway in the vicinity of the accident, and the record discloses that it is a well populated area. Speed signs in the area set a maximum speed limit of forty miles per hour. The northern highway shoulder across from the Tyson residence is lined by three or four mailboxes as well as a speed limit sign. Young Jackson, at the 'time of the accident, was driving his father’s 1956 Chevrolet automobile, and he was alone in the car.
The Lower Court concluded that there was no negligence on the part of young Jackson, that he was proceeding within the speed limit at a proper rate of speed, was keeping proper lookout, and that the sole cause of the accident was the sudden appearance of the young boy directly in front of the automobile which young Jackson was driving. Accordingly, the Lower Court awarded judgment in favor of defendant, and dismissed this suit.
Petitioner, on appeal, takes the position that young Jackson was traveling at an excessive rate of speed. They base this assumption on speed charts found in Blash-field Cyclopedia of Automobile Law and Practice as well as a chart presented in 14 Tulane Law Review 503. This latter chart provides that, under excellent conditions, an automobile traveling at forty miles per hour would have a net braking distance of 62.7 feet, and an automobile traveling at fifty miles per hour would have a net braking distance of ninety-eight feet. Considering the skid marks of the Jackson vehicle and using these braking distances, it would appear that Jackson was traveling somewhat in excess of the forty mile per hour maximum speed limit. This same chart, however, provides that, under average conditions, an automobile traveling thirty miles per hour would have a net braking distance of fifty feet, and an automobile traveling forty miles per hour would have a net braking distance of 88.8 feet. Therefore, under the average conditions, the chart indicates that the speed of the Jackson vehicle was somewhere between thirty and forty miles per hour, which would be within the lawful speed rate for that area. The testimony of the State Police officer was to the effect that the skid marks were light in the beginning *506 and got darker as they proceeded along the highway. It was his estimate, using the speed chart issued by the Louisiana Highway Department that the vehicle was traveling approximately thirty-five miles per hour. The speed chart in question gives a braking distance of forty-six feet at a speed of thirty miles per hour and a braking distance of eighty-two feet at the speed of forty miles per hour. Certainly the testimony of Andrei Chicano, the automobile mechanic, who applied the fuel restrictor to the Jackson automobile, must be considered in assessing the speed that the automobile was capable of being driven. He testified that he tested the automobile only two days before the accident, at which time the maximum speed of the automobile was approximately forty miles per hour, and that, upon removing the fuel restrictor some time after the accident, he discovered by markings which he had placed thereon that it had not been tampered with in any manner.
The evidence reflects, to our satisfaction, that young Jackson was proceeding at a rate of speed somewhat less than forty miles per hour, which was within the lawful speed rate of the area. We further feel that the record reflects, as testified by Mr. Talbot as well as young Jackson, immediately upon the passing of the old car headed west, the boy dashed across the highway directly in the path of the Jackson vehicle which was proceeding in an easterly direction. Upon seeing the boy in his path of travel young Jackson immediately applied his brakes and attempted to avoid this unfortunate accident, however, his attempt was unsuccessful. Fortunately young Rodney, although seriously and painfully injured, had made remarkable recovery at the time of the trial below, and it appears that he will completely recover from the effects of his injury.
In presenting its case, petitioners have cited several cases in which the driver of a vehicle was held liable in damages under substantially similar accidents. One of the cases upon which he relies is Michaud v. Travelers Indemnity Company, La.App., 91 So.2d 456, in which damages were awarded in favor of the petitioner. In that case, however, the Court found that the defendant was traveling at a speed of forty-five miles per hour within the town of Jones-boro. Although there were speed signs along the highway indicating the speed to be thirty-five miles per hour at one point and twenty-five miles per hour at another, the Court there held that the defendant was traveling at an unreasonable speed under the circumstances. Louisiana law provides that drivers of automobiles shall proceed at a reasonable and proper rate of speed under the circumstances. LSA-R.S. 32:227. Under the circumstances of the present case it does not appear to this Court that the speed of the Jackson automobile, which was somewhat less than forty miles per hour, was unreasonable. The Lower Court is more familiar with the particular circumstances of the neighborhood, as a matter of fact the record indicates that the Court visited the scene of the unfortunate accident. The case presented appears to be very much similar to the case decided by this Court in Hill v. Delta Fire & Casualty Company, 110 So.2d 743, in which a young child was struck by an automobile on Nicholson Drive in the city of Baton Rouge. We there held that the rate of forty-four miles per hour was not unreasonable in a forty-five mile per hour zone, particularly when the young boy suddenly darted into the street from behind a large shrub which was situated on the neutral ground. It appears, in the instant case, that the young boy suddenly darted into the path of petitioner’s vehicle from behind the old car which had just passed. Furthermore, there were certain mailboxes and other signs situated along the highway, and it seems reasonable, as presented by defendant, that the young boy would somewhat blend in with the post, so as to not be easily seen by an approaching motorist. Of course these accidents are most distressing when they concern children of tender age, however, we *507 certainly are unable to hold that young Jackson was guilty of any negligence whatsoever. We are unable to find any error in the decision of the Lower Court.
For the reasons assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.