REGAN, Judge.
Plaintiff, Lillian K. Smith,[1] individually and as natural tutrix of her minor child, James, instituted this suit against the defendant, Toye Brothers Yellow Cab Company, endeavoring to recover the sum of $37,847.90, representing personal injuries to the minor and damages to the mother arising therefrom, incurred as a result of the negligence of the operator of the defendant’s vehicle in striking the child when he darted into Josephine Street in the City of New Orleans.
The defendant answered and denied negligence, and in the alternative, pleaded the contributory negligence of the plaintiff and her son.
From a judgment dismissing the plaintiff’s suit, she has prosecuted this appeal.
The record reveals that on July 21, 1958, John Mire was driving the defendant’s taxicab in Josephine Street in a riverward direction. Fie stopped his vehicle when he reached the intersection of Rousseau Street simply to observe the numbers appearing on the houses in a bordering block in order to ascertain whether he should turn right or left to reach the 2400 block of Tchoupitoulas Street, parallel to and one block removed from Rousseau. He had been dispatched to this area to pick up a fare.
Upon obtaining the foregoing information, he crossed Rousseau and continued in Josephine Street, which at this point forms part of the uptown boundary of the St. Thomas Housing Project. Once the cab was again in motion, plaintiff’s five-year-old son suddenly darted into the path of his vehicle, having emerged from between two parked automobiles to the driver’s left. Mire immediately applied his brakes but was unable to avert the accident. The boy was struck at a point approximately 123 feet removed from the corner of Rousseau Street and as the brakes were applied, approximately 28 feet of skid marks were impressed upon Josephine Street. There were no other children in the immediate vicinity when the plaintiff’s child was injured; however, moments before, *61 defendant’s driver had observed another child entering a grocery store on the side of the street opposite the project. This fact was elicited from the operator of the cab as the basis for the following contention.
Counsel for plaintiff asserts that the cab driver was negligent in driving at an excessive speed in an area encompassing a housing project, which was commonly known to be heavily populated by children.
To establish the motorist’s speed, plaintiff introduced the testimony of John Ex-nicious, a traffic engineering expert, who related that a vehicle which impresses 28 feet of skid marks upon a roadway in effecting a stop was traveling at a speed of 23.4 miles per hour when the brakes were applied.
Plaintiff introduced into evidence the police report of the accident but the investigating officer who wrote it did not testify; therefore the plaintiff failed to explain from which points the measurements were taken.
The defendant, on the other hand, produced the testimony of Charles Brechtel, its investigator, who measured 18 feet of skid marks impressed upon the roadway. He explained he measured from the point of origin to the rear wheels of the stopped taxicab, which reflected actual skidding distance.
The discrepancy of ten feet between the measurements is explained by the fact that the front wheels also leave marks and the investigating officer evidently measured from the point of origin to the front wheels, or the end of the marks, which measurement does not reflect a true picture of the skidding distance.
Therefore, since the basis of plaintiff’s expert testimony is doubtful, the result the witness reached possesses no evidentiary value.
A second witness appeared on plaintiff’s behalf who related that the taxicab driver was speeding; however, his testimony was properly discounted since the facts revealed that it was physically impossible for him to observe the conditions he recounted from the vantage point he stated he occupied when the accident occurred.
Predicated upon the foregoing evidence, the trial judge concluded that the plaintiff failed to establish that the taxicab driver was guilty of negligence, either in exceeding the speed limit of twenty miles per hour or failing to stop his vehicle timely.
After a careful review of the record, we are convinced that the foregoing conclusion is correct.
When a motor vehicle is moving in a street at a lawful speed and is obeying the rules of the road, the driver thereof 'is not liable for injuries incurred by a child who darts from between parked automobiles and in front of the vehicle so suddenly that the operator thereof could not see nor reasonably anticipate his presence and thus stop in time to avoid injuring him.
We feel compelled to repeat what we said in a relatively recent similar case.[2] We have the deepest sympathy for the unfortunate parent because of the injuries incurred by her son, but however painful and distressing these may be, we can find no legal responsibility therefor in the defendant. The facts simply divulge that’ this is another tragic case of sacrifice upon the altar of mechanical progress as evidenced, in this instance, by the motor vehicle, the potential danger of which the infant mind cannot comprehend.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Suit was originally brought in the incorrect name of Mary K. Smith.

. See Basham v. Ohio Casualty Insurance Company, La.App., 106 So.2d 129 (1958), a case very similar to the one now before us wherein we reached the same result.