142 So.2d 799 (1962)
Nellie Rose Goudeau LAYFIELD, Plaintiff and Appellant,
v.
Iris Caldwell BOURGEOIS, Defendant and Appellee.
No. 601.
Court of Appeal of Louisiana, Third Circuit.
July 5, 1962.
*800 Charles A. Riddle, Jr., Marksville, for plaintiff-appellant.
Ward-Steinman & Crenshaw, by Jack Crenshaw, Alexandria, for defendant-appellee.
Before TATE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a tort action for damages resulting from personal injuries sustained when a five year old child was struck by a vehicle, being operated by defendant in a residential section of the town of Marksville at about 10 o'clock a. m. on March 8, 1961. From a judgment rejecting her demands, the natural tutrix of the child has appealed.
The locus of the accident was near the T-intersection where Bontempt Street, which is part of Louisiana Highway No. 1, runs generally east and west and is intersected from the south by Fair Street. Bontempt Street is paved with concrete 18 feet in width and Fair Street is constructed of asphalt, of about the same width. On the southwest corner of this intersection is a large open area used as part of the fairgrounds. Along the south side of Bontempt Street, west of Fair Street, there is a gravel shoulder about 9 feet wide and a ditch which drains into a culvert under Fair Street at said intersection.
At the time of the accident the weather was clear and dry. Defendant was driving her Buick automobile east on Bontempt Street, with her colored maid, Daisy Ford, as a passenger on the front seat. Defendant testified that she, being a resident of a nearby community, was familiar with said intersection and knew that children frequently played in this area, near the fairgrounds; that as she approached the intersection, at a speed of about 20 miles per hour, she observed Mr. Ralph DeBellevue mowing his lawn with a power mower near the left side of Bontempt Street; that suddenly her passenger, Daisy Ford, said "Look, Iris. You hit a little boy."; that she already had her foot on the brake pedal, which she applied immediately, and stopped within a distance of about 15 feet past the point of impact; that she did not see the child at any time before the accident; that after stopping, Daisy Ford got out of the car and went back to the child, who had already been picked up by Mr. DeBellevue; that they placed the child in the car and all proceeded to the hospital.
Daisy Ford testified that the automobile was going about 15 miles per hour; that she was looking straight ahead; that she had a clear view of the highway and shoulders; that when she first saw the boy, he jumped out of the ditch on the south side of the highway and ran as if crossing the highway; that he struck the automobile at about the right front headlight; that there were grass and weeds in the ditch and on the shoulder approximately 4 feet in heighth, which concealed the boy until he jumped and ran; that the boy was knocked sideways and landed about in the middle of Fair Street, a few feet from Bontempt Street; that defendant stopped the car about 10 feet past the child; that she got out and went back to the child who had already been picked up by Mr. DeBellevue.
Mr. Ralph DeBellevue was called as a witness for the plaintiff. He testified that he was mowing a lawn near the north side of the intersection; that he had seen plaintiff's little boy and another child playing in the ditch along the west side of Fair Street about 15 minutes before the accident; that he heard defendant's car approaching and it sounded like it was going fast; that he heard a noise when the boy was struck and, on looking up, saw the boy flying through the air about 4 feet off the ground; that the boy landed about in the middle of Fair Street; that defendant was going from 50 to 60 miles per hour and after the impact went a distance of over 200 feet before stopping, to a point which he identified and *801 later pointed out to the town marshall; that there was grass on the shoulder but he couldn't remember how tall it was. The town marshall testified that the distance from the point of impact to the place where defendant's car stopped, as pointed out to him by Mr. DeBellevue, was 238 feet; that he could not remember whether there were any weeds in the ditch or on the shoulder.
Plaintiff's primary contention is that defendant was traveling at an excessive speed, the speed limit being 25 miles per hour and the area being one in which defendant knew children frequently played, and that this excessive speed, coupled with defendant's failure to keep a proper lookout, resulted in defendant's failure to see the child in time to stop and avoid the accident.
There is no dispute as to the law, it being well established in our jurisprudence that a motorist who sees or should see children near the roadside, must exercise a high degree of care in view of the propensity of young children to dart or run into the street, heedless of their own safety. This rule implies that when a motorist sees or should see a child near the roadside, he must anticipate that the child might suddenly dart into the street. Consequently, the motorist must bring his vehicle under such control that he can avoid injurying the child, notwithstanding its youthful indiscretion. Stamps v. Henderson, La.App., 25 So.2d 305; Hughes et al. v. Gill, La.App., 41 So.2d 536; Guillory v. Lemoine, La.App., 87 So.2d 798. On the other hand, a motorist is not an insurer of the safety of children playing near the street. If the motorist is proceeding at a lawful and reasonable speed and obeying all of the rules of the road as to proper lookout etc. he will not be held liable where a child suddenly darts or runs into his path from a concealed position in such a manner that the motorist is unable to avoid striking the child. 2 Blashfield's Cyclopedia of Automobile Law and Practice (Permanent Edition) page 532, Sec. 1498; Rodriquez v. Abadie, La.App., 168 So. 515; McMorris, for Use of McMorris v. Graham, La.App., 176 So. 630; Rainwater v. Boatright, La.App., 61 So.2d 212; Hill v. Delta Fire & Casualty Co., La.App., 110 So.2d 743; Tyson v. Jackson, La.App., 118 So.2d 503.
As noted above, plaintiff's witness, Mr. DeBellevue, testified that defendant was going 50 to 60 miles per hour and stopped her vehicle 238 feet past the point of impact. Defendant and her witness Daisy Ford, testified that defendant's vehicle was going not over 20 miles per hour and that it stopped about 15 feet past the point of impact. In resolving this obvious conflict in the testimony as to defendant's speed, the trial judge, who saw and heard the witnesses, discredited the testimony of Mr. DeBellevue, and accepted as true the testimony of defendant and Daisy Ford. We find no basis in the record for holding that the trial judge was manifestly erroneous in this conclusion of fact.
Having concluded defendant was proceeding at a lawful and reasonable speed, the next issue is whether she should have seen the child jump out of the ditch and run toward the street in time to stop and avoid the accident. On this issue the trial judge held as follows:
"Then the question is whether she, defendant, should have seen him and could have avoided the accident by using reasonable diligence or care.
"It is to be noted that neither defendant nor her maid saw the boy before the accident. They were both looking ahead and did not see him. He was a small fellow and his position must have been obscure or well hidden from view. It is significant that not even DeBellevue had observed him just before the accident; here are the three people who could or should have seen the boy if his position was such that he could have been seen. DeBellevue *802 had seen the boy a few minutes before, and some distance away from the scene, but just before the accident he had not seen him. It is significant to the Court that none of these three people saw the boy just before the accident. To say that the defendant should have seen him or that she was negligent in not seeing him under such circumstances, is being unrealistic. His position must have been obscure and hidden from view. Perhaps if she had known he was there and had been looking for him, she could have seen him. However, she had no reason, as a driver to anticipate his presence there.
"It was brought out that the area just west of Fair Street is open ground; it is part of the Avoyelles Fairgrounds; there are no buildings there; and it was also brought out that sometimes hay was made thereon or the grass clipped. However no one remembered if at that time the hay or grass had been clipped. The negro maid testified that the grass was tall, about four feet high on the shoulder and ditch, and when the ditch depth is also considered, with the height of the boy, it is understandable why he was not seen, even if the grass was not as tall as four feet."
In this Court, plaintiff argues that even accepting defendant's speed as 20 miles per hour and conceding that the boy was concealed in the weeds in the ditch, defendant should have seen the boy jump from this position and run the distance of 9 feet across the shoulder of the road, in time to stop and avoid the accident. This is a persuasive argument, but not sufficient for reversal of the lower court. At a speed of 20 miles per hour, the vehicle was moving 29 feet per second. The stopping distance, including reaction and braking distances, was 43 feet, according to the chart found in the "Driver's Guide" issued by the Department of Safety of the State of Louisiana. The evidence does not show, as of course it cannot, how long it took the boy to run the 9 feet from the ditch to the highway. We are unable to assume this time factor. Daisy Ford, the only eyewitness to the accident, testified that the child "jumped" and "ran". In view of the rapidity of the occurrence, we are unable to conclude that defendant was not keeping a proper lookout or that she could have avoided the accident, even if she had seen the boy the instant he jumped from the ditch.
In view of our findings stated above, there is no merit in plaintiff's contention that the doctrine of res ipsa loquitur should apply. The law is clear that this is a rule of evidence, the applicability of which is to be determined in each case at the conclusion of the trial. Langlinais v. Geophysical Service, Inc., 237 La. 585, 111 So.2d 781. In Morales v. Employers' Liability Assur. Corporation, 202 La. 755, 12 So.2d 804, we find the following statement of the law as to the applicability of res ipsa loquitur to automobile accidents:
"To render the doctrine applicable in an automobile accident, the accident must be one which ordinarily could not happen except through defects in the car or fault in its operation, or both. But the doctrine applies only where the circumstances leave no room for a different presumption, and it must appear that the probable cause was within the control of the operator of the automobile against whom the doctrine is sought to be invoked. 5 Am.Jur. Automobiles, § 607, p. 839."
In the instant case, the evidence not only leaves room for the presumption, but actually shows, that the sole cause of the accident was the action of the child. The doctrine of res ipsa loquitur therefore has no application here.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.