LEAR, Judge.
Plaintiff-Appellant herein assigns error to the judgment of the Lower Court. However, it is the considered opinion of this Court that the Trial Judge is imminently correct in his reasoning and analysis of this matter and this Court feels that it can adopt as its reasons the reasons and judgment of the Lower Court,, as follows:
“Plaintiff, Lee E. Ward, prosecutes this, action against Southern Bell Telephone and Telegraph Company on behalf of his minor son, Ronny Lynn Ward, for personal injuries sustained by the child when struck by a utility truck, owned by defendant, on December 29, 1961, and also individually for medical expenses incurred.
“Louis C. Causey, the driver of defendant’s truck, testified on cross-examination that he was traveling from the site of one job to another on the date of the *751 accident, driving east on Mason Street approximately 20-25 miles per hour. He did not observe any children in the vicinity as he drove. As he approached 2538 Mason Street (plaintiffs residence, on the right or south side) he observed a basketball roll into the road in front of him and instantly thereafter, before the hall had reached the other side of the street, he saw Ronny Ward run into the street. When he saw the ball he slowed down to 16-17 miles per hour; when he saw the child immediately thereafter, he swerved to his left and then applied the brakes before hitting the child. He claims he hit the brakes as hard as he could, though no skidmarks were found at the scene. The child was hit with the right front fender of the truck and received a broken leg and other lesser injuries as a result of the accident.
“James Ward, age 12, brother of the plaintiff, testified the three children, Ronny, Bobby, and he, all brothers, were playing ball — standing in a triangle the boys were throwing the ball to one another — and when the ball was thrown to Ronny it went over his shoulder into the street. Ronny was standing closest to the street in what amounted to a minature yard in front of the Ward residence. James testified that Ronny, without looking, ran into the street immediately after the ball sailed over his shoulder, and, as soon as he reached the street he was hit by the truck. James then went on to describe the action of the truck; after hitting the child, the truck 'slid’ to the west side of the road and then veered back in a curve to the east side.
“There is, of course, no issue of negligence on the part of the six year old plaintiff, who was too young to be guilty of culpability; furthermore, if the driver of the truck saw or should have seen the children playing at any time prior to the collision, he should have been prepared to stop or avoid the children in the event one of them ran into the street. However, defendant contends that due to the peculiar arrangement of the cars parked in front of the Ward residence, the driver’s view of the yard was completely blocked as he approached from the east. It is admitted that plaintiff darted out quickly and unexpectedly into the street. If the driver was unable to see the children prior to the collision he could not be held liable for the completely unexpected action of the child.
“Immediately to the west of the Ward residence is a driveway which runs perpendicular to the roadway, the legnth of the house. Plaintiff’s automobile was parked in this driveway at the time of the accident. Another automobile was parked in front of the house, parallel to the roadway, to the west of the other parked car. There is no sidewalk on this street and the parallel parked car was pulled up some three feet from the roadway. Between the two cars was a small area with free access to the road, where the children were playing. Seen from the driver’s point of view as he approached the scene from the west, the two vehicles formed an ‘L’ which completely blocked the view of the children at play. This picture of the scene, as described by defendant’s driver, is’verified by plaintiff, Lee Ward, himself, and by the police officer who investigated the collision. Photographs of the area, taken by defendant, establish the impossibility of seeing past this barrier of automobiles.
“Plaintiff attempts to show that due to the absence of skidmarks, defendant’s driver was negligent in failing to apply his brakes when he saw the child. However, the driver explained (verified by plaintiff’s brother, James) that when he saw the child he reacted first by veering to his left away from the child, and only later did he apply his brakes. This is not only a natural reaction, but there is no indication that the application of brakes any earlier would have avoided the collision.
“Drivers are under a most serious obligation to protect the lives of young children seen in the vicinity of roadways, *752 and the courts have a duty to uphold the obligation strictly. On the other hand, it is equally true that drivers are not the insurers of the safety of pedestrians and if it is shown, as in this case, that the driver did not see, in fact was unable to see these children at play, he was under no obligation to do other than what he did.
“The Court fixes the expert witness fees of Doctors Joe A. Moreland and W. E. Smith at the sum of $50.00 each and orders that these items of expense be taxed as costs.
“In this case plaintiff has failed to prove by a preponderance of the evidence that defendant was guilty of negligence proximately causing the injuries to plaintiff’s minor son.”
This Court would like to add to the above the observation that this decision is in accord with our brothers of the Third Circuit (Layfield v. Bourgeois, 142 So.2d 799) and of the Fourth Circuit (Schuster v. Audubon Insurance Company et al., 147 So.2d 226.)
Affirmed.