CHASEZ, Judge.
This litigation arises as a result of an accident which occurred on October 31, 1964, a bright, sunny Saturday afternoon at approximately 5:00 P.M. when an automobile struck a young boy. The accident happened in the vicinity of West Metairie Avenue and David Drive. On this day Anthony Chappetta, then seven years old, was seriously injured when struck by an automobile being operated by Mrs. Harriet Jones Goodwin, daughter of L. D. Jones, who at the time of the accident was a minor 18 years of age and was then unmarried.
Suit was brought by Leonard Chappetta, individually and on behalf of his minor son, Anthony Chappetta, against L. D. Jones, L. D. Jones Enterprises, Inci and Allstate Insurance Company.
Judgment was rendered in favor of defendants on the finding of the trial court that defendants were guilty of no negligence whatever and plaintiff has appealed.
West Metairie Avenue lies generally in an east-west direction. The Chappetta home is on the north, or lakeside of West *436 Metairie Avenue. On the day of the accident the child was sent by his father to a neighborhood store to buy a package of cigarettes. In order to get to the store it was necessary for the child to cross the street. He approached West Metairie Avenue near its intersection with David Drive. Traffic is controlled at this intersection by Stop signs and David Drive is the favored street. Because of the time of day S :00 P.M., many people were returning home from work and others were returning home from a Tulane football game that was played earlier that afternoon. Traffic traveling west on West Me-tairie, or away from New Orleans, was very heavy, the cars operating bumper to bumper from the Stop sign at David Drive back toward New Orleans.
The Chappetta child testified that at the point where he first attempted to cross he could not because the cars were too close together, so he walked back along the line of cars until he found a “good space” between two cars. He went in between the two cars, looked to his right and then to his left, and then began to run or “trot” as he stated, but he only took about three steps when he was struck. He testified that he never saw the automobile that hit him.
Harriet Jones Goodwin testified that she was traveling east, or toward New Orleans, on West Metairie' Avenue and had stopped at the Stop sign at David Drive. She further stated that her speed was between 15 and 20 miles per hour when the child suddenly appeared before her at a distance of about 20 feet. She slammed on the brakes in an effort to stop before striking the child but could not.
Mrs. Goodwin’s testimony with regard to her speed was corroborated by three eyewitnesses who were motorists in the line of traffic stopped for the Stop sign. Her speed estimate of 15-20 miles per hour was not disputed by anyone.
Mr. Anthony Nicolich testified on behalf of defendant. He was a motorist in the line of traffic. In fact the Chappetta boy passed directly in front of his car. He testified that the child came in front of him and ran into the other lane of traffic just as the Jones vehicle was approaching from the opposite direction. He stated the speed of the Jones automobile was 15 to 20 miles per hour and thought that the car was some 15-25 feet away when the child came out into defendant’s lane of traffic. Mr. Nicolich also testified that he blew his horn to try to attract the child’s attention to prevent his running in front of the automobile, but to no avail.
The testimony of the other two eye-witnesses is essentially the same and an analysis of it would be merely repetitious.
With regard to physical evidence, there was, according to the witnesses, from 12 to 18 feet of skid marks left by the Jones vehicle in its attempt to stop. The vehicle stopped almost immediately after impact. Mr. Nicolich testified that the boy was standing immediately in front of his bumper when he ran into the other lane; that the child ran directly across the street and not at an angle. He stated that the automobile came to rest after striking the child at about his front fender or front door and that the child was on the ground near the rear fender or quarter panel of his car. This fact corroborates the testimony of Mrs. Goodwin who stated that she stopped within six feet after impact and that she was nearly stopped when she struck the child.
Appellant has argued that the physical fact that the child’s tennis shoe was found behind the car indicates that the car traveled further than six feet after impact (the impact being where the shoe was found) since the car is about 16 feet in length and the shoe was some distance behind the car, the implication being that if it took that long to stop after impact, then the car must have been traveling at a greater rate of speed. While this argument is plausible, it is also possible that the impact dislodged the tennis shoe and it flew over the car and thus came to rest behind it.
*437 Under the facts as presented, we cannot say that the trial court’s judgment was erroneous.
Drivers are under a most serious obligation to protect the lives of young children seen in the vicinity of roadways, however, it may equally be said that drivers are not the insurers of the safety of pedestrians and if it is shown that the driver is unable to see the children until it is too late to avoid an accident, then the driver cannot be held to be liable. See Ward v. Southern Bell Telephone & Telegraph Co., La.App., 189 So.2d 750 (1st Cir.1966).
The duty to exercise greater than ordinary care to avoid injury to a child does not become operative or exist in favor of the child until his presence is known or should have been known to the operator of the motor vehicle. Campo v. Vampran, La.App., 183 So.2d 57 (1st Cir.1966).
Under the facts in this case where the driver was operating her vehicle at a speed of from 15 to 20 miles per hour, well within the thirty-five mile per hour limit at that point, and the child suddenly darted from between two cars only 20 feet in front of her, she cannot be held to be negligent in not avoiding the child. The jurisprudence is replete with cases in which the driver was held innocent of negligence when a child darted into the street from behind cars parked alongside the road. In this case where the child darted from between two cars in the opposing lane of traffic, there is even less reason for holding the driver negligent for not seeing the child or not stopping in time to avoid the accident.
The young child ran in front of defendant’s vehicle and she was unable to do anything to prevent the accident. Accordingly, there is no liability on the part of defendant.
For the above stated reasons, the judgment in favor of defendants, L. D. Jones, L. D. Jones Enterprises, Inc. and Allstate Insurance Company and against the plaintiff, Leonard Chappetta, individually and on behalf of his minor son, Anthony Chap-petta, dismissing plaintiff’s suit at his cost is affirmed.
Affirmed.