TUCKER, Judge.
Harry J. LeBoeuf, Sr., sued for $25,000.-00 damages for injuries sustained by himself and as administrator of the estate of his seven and one-half year old daughter, Deanne LeBoeuf, he sued for $100,000.00 damages for injuries sustained by her on December 17, 1970, in an accident with an automobile driven by Gary D. McCoy, whom he charged with negligence proximately causing the accident. Plaintiff sued both McCoy and his insurer, Allstate Insurance Company, but McCoy was never served, and is not a party to these proceedings. Allstate Insurance Company filed an answer and a third party demand against Mr. and Mrs. LeBoeuf. It was stipulated between counsel that there was no necessity to present medical evidence, and that, if there were a judgment for plaintiff in the premises, it would be in the amount of $10,000.00. The trial court rendered judgment rejecting plaintiff’s demands on the basis that plaintiff had failed to prove the negligence of the insured McCoy.
From this judgment plaintiff has appealed alleging the following errors:
1. “That the trial court erred in failing to find the defendant driver guilty of negligence proximately causing the accident as a consequence of his failure to keep a proper lookout.”
2. “That the trial court erred in failing to hold that the defendant driver *581 owed a duty oí extraordinary care in view of the presence of children at the roadside and that the defendant driver breached this duty.”
3. “That the trial court erred in failing to hold that the defendant driver violated R.S. 32:301 of the Highway Regulatory Act by driving upon a highway within the state, without his roadlights being on, at a time when the headlights of his automobile should have been on within the contemplation of the statute.”
4. “That the trial court erred in failing to hold that, when the defendant driver saw children near the roadside, he should have anticipated that a child might suddenly dart into the street, that he should have maintained his vehicle under such control that he could have avoided injuring the child subject to this suit; and that defendant driver breached the aforesaid duty.”
5. “That the trial court erred in failing to render judgment in favor of plaintiff and in failing to award damages to plaintiff for the injuries of his minor daughter.”
The record reveals that immediately prior to the accident herein involved, which occurred on December 17, .1970, at approximately 5 :30 P. M., defendant Gary McCoy, a twenty-three year old college student, was driving his 1968 Cortina automobile on Roy Street. He had just left his father’s home on the same street and was heading toward the intersection of this street with West Main Street, in Houma, Louisiana. He had been traveling at an estimated rate of 25 m. p. h., but slowed to 18 to 20 m. p. h., as he prepared to stop for the stop sign at the intersection. He had passed a group of children playing in the yard of the house next to the one in front of which the accident occurred, about 50 or 60 feet away from the point of the accident. Suddenly Deanne LeBoeuf, who was about three feet tall, ran out from between two cars parked about five feet apart, and ran into the right side of Gary McCoy’s passing car. Mr. McCoy testified that he was within less than one car length of the child when he first saw her, about 10-12 feet from her. He applied his brakes, leaving 8-10 feet of skid marks. He swerved to the left, but could not avoid impact with the child. He testified that he did not sound his horn, because he did not have time to do so. There were no witnesses to the accident other than the defendant driver, and Deanne LeBoeuf, who did not take the stand, although she was almost nine years old at the time of the trial.
A Ronald Marcel, who was leaving his mother’s house at 103 Roy Street at the time of the accident, testified that he saw a little girl talking to his wife who was seated in his car, facing toward West Main Street. The door of his car was open, and he saw the little girl run around the door and then between his car and the other car parked in front of it. He testified further that it was not dark and that he could see quite clearly. He saw no children playing in the yard in front of which the accident happened.
In the light of the evidence and the factual findings in regard thereto we agree with the trial judge that Gary McCoy was not responsible for causing this most unfortunate accident. We do not think that the evidence produced substantiates any finding of recklessness, carelessness, imprudence, or negligence on the part of Mr. McCoy. He was proceeding at a slow rate of speed well within the legal speed limit. He did everything that he could to avoid hitting the child when she suddenly ran out from between the parked cars. The testimony is uncontradicted that she ran into McCoy’s vehicle, and not the reverse. Mr. McCoy had seen the group of children playing some 50 to 60 feet away from the place of the accident; he had slowed down, and was keeping a proper lookout at the time of the accident. *582 The evidence does not indicate that the injured child ran out from a group of children, which might indicate that McCoy should be held to a higher duty of care, as suggested by counsel; but even so, motorists are not considered insurers of the safety of children playing near a street. A motorist who is proceeding at a lawful and reasonable rate of speed, obeying all the rules of the road, and maintaining a proper lookout as was the case herein, cannot be held liable when a child suddenly darts out and runs into his path from a concealed position in such a manner that he is unable to avoid hitting him. Layfield v. Bourgeois, 142 So.2d 799 (La.App. 3d Cir. 1962); Smith v. Toye Brothers Yellow Cab Co., 142 So.2d 59 (La.App. 4th Cir. 1962); Miller v. State Farm Mutual Automobile Insurance Co., 169 So.2d 743 (La.App. 3d Cir. 1964); Ward v. Southern Bell Telephone & Telegraph Co., 189 So.2d 750 (La.App. 1st Cir. 1965) and Goff v. Carlino, 181 So.2d 426 (La.App. 3d Cir. 1965); Burfict v. Trosclair, 254 So.2d 640 (La.App. 4th Cir. 1971). It is only when the child’s presence is known to the motorist, or should have been known to him that the higher degree of duty toward that child becomes operative. Chappetta v. Jones, 237 So.2d 435 (La.App. 4th Cir. 1970) and Danos v. Central National Insurance Company of Omaha, 211 So.2d 106 (La.App. 1st Cir. 1966).
The appellant did not submit any evidence that the accident occurred after sunset, which would have brought the case within the provisions of R.S. 32:301. Furthermore the only witness testifying on the point about the defendant driver’s not having his automobile headlights on testified that it was light enough that he could see clearly.
There is no provision of the law or jurisprudence which requires motorists to sound their horns when passing parked automobiles on nearing intersections, and which would indicate any negligence on McCoy’s part in not so doing.
For the foregoing reasons we hold that the findings of fact and judgment of the trial court are eminently correct, and affirm it at appellant’s costs.
Judgment affirmed.