315 So.2d 836 (1975)
Mrs. Lawrence RAPHILE, Administratrix of the Estate of her minor son, Clarence Raphile, Jr.
v.
Sherry L. ALEXANDER and Allstate Insurance Company.
No. 6875.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1975.
*837 Daniel E. Becnel, Jr., Reserve, for plaintiff-appellant.
Porteous, Toledano, Hainkel & Johnson, John J. Hainkel, Jr., and E. Ross Buckley, Jr., New Orleans, for defendants-appellees.
Before GULOTTA, STOULIG and MORIAL, JJ.
STOULIG, Judge.
This litigation arises out of an accident which occurred on a Sunday afternoon on Louisiana Highway 44 in Reserve, Louisiana.
The facts found by the trial court are as follows: A vehicular parade of about 60 cars, led by a police car, was proceeding upriver on Highway 44 at about 10 to 15 miles per hour. The defendant Sherry L. Alexander,[1] operating an automobile traveling *838 in an easterly or downriver direction on Highway 44 at a speed of approximately 35 miles per hour, was passing the parade when Clarence Raphile, Jr., aged 12 darted from between the cars of the slow-moving parade into the eastbound traffic lane, some 35 to 40 feet in front of the defendant's vehicle.
The defendant blew his horn, applied the brakes, and veered to the right, but could not avoid striking the boy. Alexander's vehicle left 45 feet of overlapping skid-marks (measured from the rear wheel to the front wheel) before coming to a stop.
Suit was brought by Mrs. Lawrence Raphile on behalf of her minor son, Clarence Raphile, Jr.,[2] against defendant driver and his liability insurer, Allstate Insurance Company.
Judgment was rendered dismissing plaintiff's demand on the finding of the trial court that the negligence of Clarence Raphile, Jr., in darting from between vehicles into the path of defendant's vehicle was the sole proximate cause of the accident.
From this judgment the plaintiff has appealed, alleging the trial court erred in concluding the negligence of Clarence Raphile, Jr., was the sole proximate cause of the accident and the doctrine of last clear chance was not applicable.
In fixing negligence, it must be determined whether or not there was a causal connection between the child's injury and the defendant driver's allegedly negligent conduct, whether there was a duty owed by this defendant to the child, the ambit of such duty, and if this duty was breached. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970).
The alleged negligent conduct is the defendant's operating of his vehicle so as to strike young Raphile, who was crossing 35 to 40 feet in front of his automobile. If the defendant had not been driving down Highway 44 at this time and speed, the accident would not have occurred. Only to this extent may one say that the defendant caused the accident or injury to the child.
Even though it may be said that defendant driver's conduct was a cause in fact of the accident, there is nothing to show that the conduct of the defendant as to the operation of his vehicle was in any way substandard or that he acted unreasonably under the circumstances.
The degree of care a motorist should exercise when confronted with a child darting in front of his vehicle is succinctly stated in Layfield v. Bourgeois, 142 So.2d 799, 801 (La.App. 3d Cir. 1962):
"There is no dispute as to the law, it being well established in our jurisprudence that a motorist who sees or should see children near the roadside, must exercise a high degree of care in view of the propensity of young children to dart or run into the street, heedless of their own safety. * * * On the other hand, a motorist is not an insurer of the safety of children playing near the street. If the motorist is proceeding at a lawful and reasonable speed and obeying all of the rules of the road as to proper lookout etc. he will not be held liable where a child suddenly darts or runs into his path from a concealed position in such a manner that the motorist is unable to avoid striking the child. * * *"
The courts have repeatedly emphasized the fact that the duty to exercise *839 greater than ordinary care to avoid injury to a child does not become operative or exist in favor of such child until his presence is known or should have been known under the existing facts of the particular case to the operator or driver of the motor vehicle. LeBoeuf v. McCoy, 273 So.2d 580 (La.App. 1st Cir. 1973); Chappetta v. Jones, 237 So.2d 435 (La.App. 4th Cir. 1970); Ward v. Southern Bell Telephone & Telegraph Co., 189 So.2d 750 (La.App. 1st Cir. 1966); Campo v. Vampran, 183 So.2d 57 (La.App. 1st Cir. 1966).
Plaintiff's contention that the defendant driver violated the duty placed on him to appreciably reduce the speed of his vehicle upon approaching the oncoming parade of automobiles is without merit. It was brought out in the testimony of both the defendant and his wife that upon noticing the motorcade proceeding westerly on Highway 44, the defendant reduced his speed to at least 5 miles per hour under the posted 40-mile-per-hour speed limit. The highway conditions did not warrant the driver to exercise extraordinary care since it was a clear, sunny afternoon and the road surface was dry. Also, both the defendant and the victim testified that the area of the accident was not congested with children or spectators watching the motorcade.
These facts clearly indicate that under the circumstances the defendant driver had no duty to anticipate a 12-year-old boy would dart from between slow-moving cars into the path of his automobile.
Nor can defendants be held liable under the doctrine of last clear chance because the facts amply demonstrate Alexander was not apprised of the danger to Raphile in sufficient time to avoid the accident.
For the foregoing reasons, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] Though named a codefendant, service of the petition and citation was never made on Sherry L. Alexander. No responsive pleadings were ever filed on behalf of this defendant.
[2] We note the plaintiff sued in her capacity as administratrix of the estate of her minor son. Being a widow, under C.C.P. art. 683 she is required to qualify as the tutrix of this minor. However, in view of our findings in this matter the issue of her capacity becomes academic.