GULOTTA, Judge.
Plaintiff, appealing from the dismissal of her damage suit for injuries sustained by her fourteen year old minor child in a tractor-truck and bicycle accident, claims the jury erred in failing to find negligence on the part of the defendant truck driver.
The accident occurred in an automobile service station located at the corner of Judge Perez Drive and Perrin Street in St. Bernard Parish. According to the child, William York, he and his twelve year old brother, also riding a bicycle, enroute to a grocery, had ridden through an Exxon Service Station, crossed Perrin Street and went into and through a Shell Station located on another corner of the intersection. They returned by the same route. On the return, while riding his bicycle again, through the Exxon station, William’s bike was either struck by or driven into the right, double in-tandem rear wheels of the truck which had turned right into the service station area from Judge Perez Drive.
Plaintiff contends the jury’s exoneration of the truck driver from negligence is not supported by the evidence and is manifestly erroneous. According to plaintiff, because the truck driver had previously worked at the station, he either knew or should have known that children frequented the service station area. Plaintiff contends, therefore, the driver failed to exercise the high degree of care required when he turned into the station at an excessive rate of speed. We do not agree.
According to the truck driver, while shifting down from second to first gear, and at a speed of eight to ten miles per hour, he executed a right turn into the station. He did not see the bicycle riding children or any other children until after the bicycle had become lodged between the rear wheels of the trailer truck. The injured child testified that he was riding his bicycle through the station about eleven feet from Judge Perez Drive at an approximate speed of five miles per hour. The child stated further that when he reached approximately twenty feet from Perrin Street he saw the truck lights and immediately turned to the right and applied his brakes in an effort to avoid the truck, but was caught between the rear wheels. The testimony of the defendant driver’s brother, who operated the service station and who had witnessed the accident, and the testimony of the injured child’s brother added little if anything to clarify how the accident happened.
Although a higher degree of care is required of a motorist who observes or should have observed children in or near the area,[1] no claim is made nor does the evidence show that the driver was aware, or should have been aware, of the presence of these children as he entered the service *1324 station. Assuming that the truck driver entered the station at the speed indicated by him, i. e., eight to ten miles per hour, and traversed eleven feet from Judge Perez Drive and the child entered the station at a speed of approximately five miles per hour and traversed approximately twenty feet into the station from Perrin Street, it appears that the truck and bicycle entered the service station area at about or near the same time. There exists no indication that the bicycle riding children were either loitering or in the station area before the driver entered the station. We cannot say, under the circumstances, that the truck driver’s speed was excessive.
Nevertheless, assuming but not deciding that the tractor driver’s speed was excessive, speed was not the cause in fact of the accident.[2] If the front of the truck had struck the bicycle, perhaps excessive speed would have been a substantial causative factor. However, because the point of impact was on the right side between the rear tires of the truck, we conclude speed was not a cause in fact of the accident.
Accordingly, we find no error in the jury’s exoneration of the truck driver from negligence. The judgment is affirmed.

AFFIRMED.

. Kelly v. Messina, 318 So.2d 74 (La.App. 4th Cir., 1975); Raphile v. Alexander, 315 So.2d 836 (La.App. 4th Cir., 1975); Mans v. Schouest, 342 So.2d 715 (La.App. 4th Cir., 1977), writs denied, 343 So.2d 1075 (La.1977).

. Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972); State Farm v. South Central Bell, 359 So.2d 1318 (La.App. 4th Cir., 1978); Laird v. State Farm Insurance Co., 290 So.2d 343 (La.App. 4th Cir., 1974), writ denied, 293 So.2d 184 (La.1974).