CULPEPPER, Judge.
This is a suit for damages for personal injuries to a child pedestrian who was struck by an automobile. Plaintiffs are the parents of the child. Defendants are the driver of the automobile, Mrs. Pearl M. Bujard, and her insurer, Aetna Casualty & Surety Company. A jury rendered verdict for defendants. Plaintiffs appealed.
The issue is whether the defendant motorist was negligent.
The scene of the accident is the intersection of Horridge Street, which runs north and south, with Hampton, which runs east and west, in a mixed commercial and residential area of the city of Vinton, Louisiana. Both are two-lane, two-way paved streets with sidewalks on both sides. There are stop signs located on the northeast and southwest corners of the intersection, requiring traffic on Hampton Street to stop and yield the right of way to traffic on Horridge.
The accident occurred at about 3 :30 p. m. on March 17, 1965, just after the Vinton Elementary and High School, which is about one block west of the intersection, had let out for the day.
Plaintiff’s version of the accident is substantially as follows : Mrs. Bujard was proceeding in a westerly direction on Hampton Street and had stopped at the stop sign on the northeast corner of the intersection. There were a number of school children in the area. Some had already crossed Hampton Street and were going on south down Horridge. A group of approximately 10 children were still standing on the northwest corner of the intersection, waiting to cross Hampton Street. In this group were plaintiffs’ 7 year old child, Wanda McClelland, accompanied by her older sister, Angelia, then 13 years of age, and Angelia’s 2 friends, Sandra Leard, *180 then 13 years of age, and Beverly Deville, then IS years of age.
Another vehicle proceeding in a southerly direction on Horridge Street made a right turn onto Hampton. After this vehicle passed, the children assumed that Mrs. Bujard would Remain stopped across the street to allow the children to cross Hampton Street. Angelia McClelland testified she told the other children it was “okay” to go ahead and cross. She says the group walked approximately 2 steps and then she saw that Mrs. Bujard was moving toward them. She realized Wanda was going to be struck because Wanda was out in front of the group and had not stopped as had the others. Before Angelia could pull Wanda back, the front wheel of defendant’s automobile ran over Wanda’s foot.
Beverly Deville testified she was holding Wanda’s shoulder as they stood on the corner. She also assumed Mrs. Bujard would remain at the stop sign. She released Wanda and the group had taken a couple of steps forward to cross the street when she suddenly saw defendant’s automobile in the intersection. All of the children except Wanda stopped. Wanda, who was out in front, kept going and the vehicle ran over her foot.
Wanda, who was then only 7 years of age, testified she was standing on the corner and when her big sister told her it was “okay” to cross she took 3 or 4 steps forward and the vehicle ran over her foot. She did not see the automobile before it struck her.
The only other one of the children who testified was Sandra Leard, who was looking in another direction and did not see the accident.
Mrs. Bujard’s version of the accident is that she knew some of the children in the group on the corner had seen her and assumed they would remain in their place of safety. She started slowly across and when the front portion of her automobile reached a point opposite the northwest corner of the intersection, Wanda suddenly left the group and ran out. Mrs. Bujard applied her brakes immediately but was unable to stop before her right front wheel ran over the child’s foot.
Mrs. Bujard’s testimony is corroborated by that of Mr. Claude W. Miley, who was standing in front of his pressing shop about ISO feet from the corner. He says that Mrs. Bujard started slowly across the intersection and when the front of her automobile reached a point about opposite the sidewalk, the child suddenly left the group and ran out into the automobile.
There is no dispute as to the law. Generally, a motorist who sees children near the roadside must exercise a high degree of care in view of the propensity of young children to run into the street, heedless of their own safety. Consequently, the motorist must bring his vehicle under such control that he can avoid striking the child, notwithstanding its youthful indiscretion. On the other hand, a motorist is not an insurer of the safety of children near the streets. If the motorist is proceeding in a lawful and reasonable manner under the circumstances, he will not be held liable where a child suddenly darts or runs into his path in such a manner that the motorist is unable to avoid striking the child. Herrin v. Southern Farm Bureau & Casualty Insurance Company, 217 So.2d 696 (La.App. 3rd Cir. 1969) and the authorities cited therein.
From the brief résumé of the evidence set out above we see there is a conflict in the testimony as to whether the group of children on the corner started across Hampton Street before Mrs. Bujard started her automobile forward. Angelia McClelland and Beverly Deville say they thought Mrs. Bujard was going to remain at the stop sign and they took a couple of steps forward before they realized the defendant motorist was proceeding into the intersection. They stopped but Wanda, who was ahead of *181 them, kept on going and walked into the side of the automobile.
On the other hand, Mrs. Bujard and Mr. Miley testified the entire group remaind on the corner and that Wanda did not leave the group and run across the street until the front portion of Mrs. Bujard’s automobile was about opposite the corner.
On this factual issue, the physical evidence supports the defendant’s version. The children admittedly walked only about 2 steps. Angelia and Beverly say they took a couple of steps. Wanda says she took 3 or 4 steps before she was struck. Under plaintiffs’ version the Bujard vehicle would have had to start from a stopped position and traverse a distance of approximately 50 feet, from the stop sign to the point of impact, while the girls were walking not more than 4 steps. This is improbable, particularly since Mrs. Bu-jard was watching the children and proceeding slowly. Mrs. Bujard, Mr. Miley and even Beverly Deville said the car was going slow. All of the children said Mrs. Bujard stopped immediately, i. e., the tire just cleared Wanda’s foot. Our appreciation of the facts is substantially that testified to by Mrs. Bujard and Mr. Miley.
Under the facts as we have found them, defendant motorist was free of negligence. Before commencing her movement across the intersection, Mrs. Bujard observed that Wanda was in the company of older children, one of whom actually had her hand on Wanda’s shoulder. Mrs. Bu-jard acted reasonably in assuming that the children, some of whom were teenagers who had seen her, would remain in this position of safety. She moved slowly across the intersection, watching the girls the entire time, and as soon as Wanda ran out from the group, applied her brakes and stopped after her right front wheel had gone just far enough to clear Wanda’s foot.
It is our conclusion that Mrs. Bujard was exercising the high degree of care required of her under the circumstances. The child suddenly ran out into defendant’s path in such a manner that it was impossible to avoid striking her.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.