TATE, Judge.
The plaintiff mother sues for personal injuries sustained by her six-year-old boy. She appeals from judgment dismissing her suit.
The boy’s injuries were received in a pedestrian-crossing accident. The boy, David, collided with an automobile driven by Barnhill, who is made defendant along with his liability insurer.
The principal issue before the trial jury was whether Barnhill was negligent, it being conceded that David was too young to be contributorily negligent. The issue on appeal is whether the trial jury erred in finding Barnhill free of negligence.
The parties do not dispute the law applicable. The motorist who sees or should see children near the roadside must exercise a high degree of care, in view of the propensity of young children to run into the street, heedless of their own safety. Consequently, the motorist must bring his vehicle under such control that he can avoid striking the child, notwithstanding any youthful indiscretion of his nature. Guillory v. Horecky, 185 La. 21, 168 So. 481; Herrin v. Southern Farm Bureau Cas. Ins. Co., La.App.3d Cir., 217 So.2d 696.
The accident occurred three or four blocks south of an elementary school, at about 3:30 P.M., just after classes had been let out. There were only two witnesses to the accident, Barnhill and young David.
Barnhill was proceeding southward in the right (west) lane of Kirkman Street, a relatively narrow (22 feet) roadway. He had seen five or six children on the sidewalk to his right (west).
Barnhill testified that he had been proceeding 15-18 mph, since this was a school area. He particularly observed David and two young companions for about a block before the accident, running and playing tag. He saw the two girls turn into a house, while David continued southward on the sidewalk.
Then, about 20' afterwards, he saw David stop and hunch up his shoulders, still facing southward on the sidewalk, as if he was going to run. This was about 20-25' from an intersection corner.
Barnhill immediately slowed some more (to 12-15 mph) and put his foot on the brake. When his front wheels drew abreast of David, the young boy darted *542 suddenly into the Street, still looking southward. The left side of his face struck the right rear of Barnhill’s vehicle. Barnhill’s vehicle was stopped within 11/2 car lengths of the impact, since he immediately applied his brakes full force when the child broke to run. He stated that it took the child only three or four steps before the boy hit his car.
Young David’s testimony in main outline corroborates Barnhill’s. He did not see Barnhill’s car before the impact. From his testimony, the jury could have drawn inferences that Barnhill was proceeding faster and that the impact occurred nearer the center of the street, which thus might have indicated that Barnhill should have had his vehicle proceeding more slowly and under more control than was the case.
However, in holding Barnhill free of negligence, the jury undoubtedly accepted Barnhill’s version of the accident as correct. We are unable to say that, under this version, Barnhill failed to exercise the degree of care necessary under the circumstances. The motorist was thus free from fault in the accident caused when the child darted into his vehicle. McClelland v. Aetna Casualty & Ins. Co., La.App.3d Cir., 226 So.2d 178.
We find no error in the jury’s apparently favorable evaluation of the credibility of Barnhill. In reviewing jury verdicts, an appellate court should not disturb such factual findings in the absence of manifest error and if grounded upon evidence in the record which could be reasonably evaluated by the trier so as to sustain its verdict. Davis v. Bankston, La.App.3d Cir., 192 So.2d 614, and decisions cited therein.
Finding no manifest error in the jury verdict, we affirm the judgment of dismissal founded upon it. The plaintiff-appellant is to pay the costs of this appeal.
Affirmed.