ELLIS, Judge:
This suit arises out of an automobile-pedestrian accident in which Gwendolyn Young, five year old daughter of Leroy Young, was struck and injured by an automobile owned and operated by Carrie Henderson Lee. Plaintiff is Mr. Young, individually and on behalf of his minor daughter, and Mrs. Lee is defendant. After trial on the merits, judgment was rendered in favor of defendant, dismissing plaintiff’s suit, and plaintiff has appealed.
The accident happened on May 20, 1971, at about 7:45 o’clock p. m. Defendant was driving her automobile in Baton Rouge on North 36th Street, a two lane blacktop street, at a speed of about 25 miles per hour. She testified that Gwendolyn ran from behind a bush on the side of the street and into the path of her car, and that she was unable to avoid striking the child.
*923 Donna Glasper, an 11 year old girl who had been caring for Gwendolyn, testified that she was bringing Gwendolyn and her three year old sister home. She was holding both children by the hand. She testified that when they reached a point at the edge of the street, she saw Mrs. Lee’s vehicle approaching, and stopped beside the bush above referred to. At that moment, Gwendolyn saw her mother across the street, pulled away from Donna, and ran into the street. She stated that Gwendolyn had only taken one or two steps into the street when the accident happened.
The evidence in the case further shows that there are no sidewalks or ditches alongside the street, that the yards adjacent thereto are on the same level, that children often play in the street in that area, and that Mrs. Lee was aware of that fact.
In Duraso v. Barbo, 215 So.2d 908 (La. App. 1 Cir. 1968), we said:
“In arriving at our decision, we must bear in mind the rule that an automobile driver is not an insurer of the safety of small children. When he is driving at a lawful and reasonable rate of speed and is obeying the rules of the road as to a proper lookout, he will not be held liable where a child suddenly darts or runs into his path from a concealed position in such a manner that the ■ motorist is unable to avoid striking the child. Each case must be judged on the particular circumstances involved. . . . The rule is different, however, when the motorist sees or should have seen the child near the street. For there a motorist is charged with knowledge that children playing or walking along the street may unexpectedly or unpredictably leave a position of safety for one of danger and peril. Under these circumstances a motorist is held to a high degree of care, or better said, the highest degree of care.”
In this case, Mrs. Lee did not see the child until the moment of the collision. Because of the bush, she could not have seen Gwendolyn before she ran out from behind it. Since the point of impact was only four feet from the edge of the pavement, it is obvious that Mrs. Lee had no opportunity to avoid the accident. We agree with the trial judge’s conclusion that Mrs. Lee was not negligent.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.