MORIAL, Judge.
On October 21, 1971, at approximately 3:00 P.M. in the 1000 block of Race Street, plaintiff’s son, Lemuel, six years old and below average height, collided with defendant’s vehicle. The accident occurred approximately 125 feet from the intersection of Race and Constance Streets. Race Street is a two-way street running from the river to the lake. It has one lane for moving traffic in each direction and a parking lane against each curb. There were only two witnesses to the accident, Ivey P. Adams, the driver of defendant’s vehicle, and Ray L. Fessenden, the driver of the following vehicle.
Adams was proceeding in his proper lane of traffic headed away from the driver at approximately 15 miles per hour.[1] He testified that he was familiar with the area which was neither a school nor playground zone, but was aware that children generally used the area. Adams further testified that there were children on the sidewalk but that he saw none in the street until the instant before impact when Lemuel darted from between two parked cars into the side of his vehicle.
Fessenden’s testimony in the main corroborates Adams’ version of the accident. He also saw no children in the street, but saw children on the sidewalk. He saw several children run from the sidewalk between two parked cars and apparently lost sight of them while they were between the parked cars. The children emerged from behind the parked cars and stopped. Lemuel attempted to stop, but he slid in front of the defendant’s vehicle. Adams applied his brakes before impact and Lemuel’s right leg became wedged in front of the vehicle’s right front tire.
In holding the defendant free of negligence, the district court undoubtedly accepted the Adams-Fessenden testimony as true and correct. We are unable to say that, under the Adams-Fessenden version, Adams failed to exercise the degree of care necessary under the circumstances. Adams was thus free from fault in the accident caused when the child darted into his vehicle. See McClelland v. Aetna Casualty & Surety Company, 226 So.2d 178 (La.App. 3 Cir. 1969); Chappetta v. Jones, 237 So.2d 435 (La.App. 4 Cir. 1970); Young v. Lee, 290 So.2d 922 (La.App. 1 Cir. 1974).
We find no error in the district court’s apparent evaluation of the credibility of the Adams-Fessenden testimony and affirm the judgment of dismissal founded upon it.
Affirmed.

. The maximum speed on Race Street is 26 mph.